464 P.2d 688 (1970)
In the matter of the Application of Vikki STROBEL for a Writ of Habeas Corpus. Vikki Strobel, Respondent,
v.
Orville GARRISON and Waverly Childrens Home, an Oregon Corporation, Appellants.
Supreme Court of Oregon.
Decided January 21, 1970.
Petition for Rehearing Filed November 4, 1969.
*689 Joss, Bosch & Burns, Portland, for appellant, Waverly Childrens Home. James A. Pearson, Eugene, for adoptive parents.
James B. O'Hanlon, Portland, for Catholic Services for Children.
George E. Birnie, Portland, for Albertina Kerr Homes.
John J. Coughlin, Portland, for Oregon Medical Ass'n and Multnomah County Medical Society.
Stuart R. Stimmel, Portland, for The Boys and Girls Aid Society of Oregon, amici curiae for petitioners.
Lee Johnson, Atty. Gen., Salem, and Jacob B. Tanzer, Sol. Gen., Salem, and Kathryn Kelty, Asst. Atty. Gen., Salem, submitted a brief amicus curiae for Public Welfare Division.
On Appellants' Petition for Rehearing Filed November 4, 1969.
PER CURIAM.
The defendants have petitioned for a rehearing and assert that if our former opinion is allowed to stand it will have "disastrous effects."
At the outset we wish to emphasize that the Oregon legislature at an early day exercised its power to authorize and regulate the adoption of children. Since the legislature has enacted statutes prescribing how adoptions shall be accomplished, this *690 court has no power to change in any particular the law as expressed in those statutes. They bind this court as well as the litigants with equal force. The role of this court is limited to construing the adoption statutes and attempting to ascertain the meaning of the legislature as expressed therein. That has been our only role in this case.
In discharging that function we have re-examined with meticulous care the applicable statutes and conclude that in our former opinion we interpreted them in accord with the intention of the legislature by which they were enacted. If social changes since 1919 have created a need for revision of the adoption code, such revision is the responsibility of the legislature.
We are not unmindful of the concern which must be felt by those who have custody of children for the purposes of adoption. We have observed, however, that the concern registered by many adoptive parents is wholly unwarranted. In the first place it is to be noted that the statute, and our interpretation of it, relates only to adoptions effected through child-caring agencies and does not in any way affect adoptions privately arranged. Dugger et ux. v. Lauless, 216 Or. 188, 338 P.2d 660 (1959) sets forth the principles governing the power of the natural parent to revoke an adoption privately arranged. It is clear from what we said in that case that the power of the natural parent to revoke consent to adoption is a limited one.
Where the adoption is effected through a child-caring agency the power of the natural parent to revoke his or her consent to adoption is also confined to relatively limited circumstances. As we indicated in our former opinion if a parent, in surrendering a child to a child-caring agency, consents to adoption, a decree entered upon the expiration of six months operates to bar the parent from regaining custody of the child.
A question may arise as to whether the power to revoke is terminated upon the expiration of six months where an ineffective waiver of appearance has been filed but nevertheless a decree of adoption has been entered within the six-month period. As we have interpreted the statute, the six months is a period to which the parent is entitled for the purpose of reconsidering the import of the authorization given to the child-caring agency to let the child out for adoption. The only way in which this period may be cut short is by the execution of an effective waiver of appearance as we have discussed above. Therefore, a decree entered within this period without the benefit of the parent's waiver of appearance would be vulnerable to direct attack by the parent within the six-month period. The erroneous entry of such a decree should not, however, operate to give the parent a greater period for reconsideration than that granted by the statute. If the parent has let the six months go by without revoking the authority of the child-caring agency, the legislative purpose would not require that he be allowed thereafter to attack a premature decree on this ground. The parent having taken no action within the period granted for reflection by the statute, the protection to which he is entitled would be at an end. No valid purpose would be served by treating such a decree as fatally defective and open to later attack.
In our former opinion we held that the statutory provision for waiver of appearance meant "a waiver of appearance in a specific proceeding in which specified adoptive parents are petitioners," as contrasted with a waiver of appearance to be used at some future time in a proceeding brought by persons not known at the time the waiver was executed. Defendants and amici curiae, including the Attorney General, argue that our interpretation of the statute results in destroying the anonymity of the natural and adoptive parents and therefore runs counter to the policy of statutes providing for the confidentiality of adoptions. Defendants misinterpret our opinion. A waiver of appearance may be executed in a specific adoption proceeding without disclosing the names of the present *691 and prospective parents.[1] This practice has been employed in Oregon in innumerable adoption cases. Although so-called "blanket" consents (consents which do not name the prospective adoptive parents) are not uniformly upheld in the various states,[2] this court has recognized their validity. Thus in Williams et ux. v. Capparelli, 180 Or. 41, 44-45, 175 P.2d 153, 154 (1946) the court rejected counsel's contention that "concealment of the identity of the proposed foster parents vitiated consent."
Much of the defendants' argument is devoted to a recitation of the practical difficulties which will flow from permitting the natural mother to revoke her consent. We can only repeat that these are matters for legislative treatment.
The petition for rehearing is denied.
PERRY, C.J., and SLOAN and TONGUE, JJ., would grant the rehearing.
NOTES
[1] An adoption proceeding may be, and usually is, captioned "In the Matter of the Adoption of (name of child)." Thus a waiver of appearance to a proceeding so designated need not disclose the names of the natural or adoptive parents.
[2] "* * * The cases upholding blanket consents are both more numerous and better reasoned. They point out that it is the court, in passing on the adoption, not the natural parent, who chooses and approves the adoptive parent, and that therefore there is no significant purpose to be served by inserting the adoptive parents' names in the consent. In fact there is every reason not to do so, as has been suggested. And adoption statutes should not be construed strictly but sensibly, in such a way as to protect the interests of all parties." Clark, Jr., Law of Domestic Relations § 18.4, pp. 622-23 (1968).