Sally **WEINTRAUB**, and **Willie James
Williams**, a minor, by and through
**Frances Nowlin**, his aunt and next
friend, Plaintiffs,

v.

**Sylvester ADAIR**, Judge of the Justice of
the Peace Court in and for the Fourth
District, Dade County, Florida, Defendant.

Civ. No. 70–908.

United States District Court,
S. D. Florida.

June 23, 1971.

Final Order and Permanent Injunction
Sept. 10, 1971.

abandoned. Joudeh, R. 28, 29, 30)" The
cited references do not support the statement.

Alfred Feinberg, of Legal Services of Greater Miami, Inc., Miami, Fla., for plaintiffs.

Jepeway, Gassen & Jepeway, Miami, Fla., for defendant.

## PRELIMINARY INJUNCTION

ATKINS, Distict Judge.

This cause having come on to be heard upon plaintiffs' Petition for Temporary Restraining Order and/or Preliminary Injunction, and the Court having considered the Complaint, sworn to and verified by plaintiff Weintraub, and having heard the testimony of plaintiff Weintraub and being otherwise fully advised in the premises, the Court hereby,

Finds that the plaintiffs have adequately noticed defendant Adair of the date, time and location of the hearing for Temporary Restraining Order and/or Preliminary Injunction; and the Court further

Finds that based upon the sworn and verified Complaint and the testimony adduced in open Court, plaintiff Wein-

traub is an adult citizen of the State of Florida and a member in good standing of the Florida Bar, having actively engaged in the practice of law in the State of Florida for a period of five years last past. Plaintiff Weintraub is a full-time employee of the Economic Opportunity Legal Services Program, Inc., a Florida corporation not for profit, created pursuant to the Economic Opportunity Act, 42 U.S.C. § 2809 for the purpose of providing free legal services to those members of our population who because of their impoverished condition cannot otherwise afford the services of private counsel.

Plaintiff Weintraub testified and the Court finds that on June 3, 1970, she had occasion to represent three minor persons in a preliminary hearing before the Honorable Sylvester Adair, Judge of the Justice of the Peace Court in and for the Fourth District, Dade County, Florida, the defendant herein. At all times during the course of the said hearing, plaintiff Weintraub conducted herself in a professional manner, with dignity and decorum as required by a court of law. At the close of the hearing, Judge Adair, without any provocation whatsoever from plaintiff Weintraub, issued an oral order barring plaintiff Weintraub and all other Legal Services attorneys from thereafter appearing, practicing or otherwise representing clients in the Justice of the Peace Court in and for the Fourth District, Dade County, Florida.

Plaintiff Weintraub further testified that she frequently appears in the Justice of the Peace Court in and for the Fourth District, Dade County, Florida, and is currently retained by plaintiff Williams to represent him in the continuation of a preliminary hearing currently pending before Judge Adair, and scheduled to be heard on June 24, 1970. Now, therefore, the Court,

Finds that plaintiffs have stated a valid cause of action; that pursuant to Rule 23(b) (2) of the Federal Rules of Civil Procedure, plaintiff Wein-

traub adequately represents a class composed of Legal Services attorneys engaged in the practice of law in the State of Florida, and who are members in good standing of the Florida Bar, and that plaintiff Williams adequately represents a class composed of all present and future clients of plaintiff Weintraub and members of her class; and that unless this Court enters its Preliminary Injunction, plaintiffs and members of their class will suffer irreparable injury in that plaintiff Weintraub and members of her class may appear on behalf of their clients in the Justice of the Peace Court in and for the Fourth District, Dade County, Florida only at their peril, for fear of being held in contempt of Court in violation of Judge Adair's Order; and plaintiff Williams, having been described by plaintiff Weintraub as impoverished and unable to retain the services of a private attorney, will, unless defendant is enjoined by this Court, be compelled to appear at a preliminary hearing without the assistance of counsel; that based upon the evidence adduced at the preliminary hearing, the Court finds that there is a reasonably likelihood that plaintiffs will succeed at trial. It is therefore, upon consideration that this Court

Finds that while judges generally have wide latitude and the power and authority to maintain decorum in their courts, including but not limited to, the regulation of the professional conduct of attorneys appearing therein, such power and authority must be exercised pursuant to and is necessarily circumscribed by procedural safeguards contained in the Due Process and Equal Protection Clauses of the Fourteenth Amendment to the Constitution of the United States. *Cf.* In re Ruffalo, 390 U.S. 544, 88 S.Ct. 1222, 20 L.Ed.2d 117 (1968); Schware v. Board of Bar Examiners, 353 U.S. 232, 77 S.Ct. 752, 1 L.Ed.2d 796 (1957). Based upon the testimony adduced at the preliminary hearing, the Court finds that the defendant in excluding from appearing in his courtroom all Legal Services attor-

neys, including plaintiff Weintraub, solely because of the nature of their employment with Legal Services by a summary ex parte Order without notice contravenes and oversteps the bounds of constitutional propriety. The Court further finds that the blanket exclusion of all Legal Services attorneys from the Justice of the Peace Court deprives impoverished persons who could not otherwise afford the assistance of private counsel to represent them in preliminary hearings and other matters within the jurisdiction of the Justice of the Peace Court to be constitutionally impermissible. The law will not countenance such a summary disenfranchisement of a class of people who have been favored with access to free legal assistance by congressional enactment. 42 U.S.C. § 2809. Moreover, it now appears that the Supreme Court has deemed a preliminary hearing to be a critical stage in criminal proceedings, thereby constitutionally requiring free legal assistance be provided to all persons so charged who cannot otherwise afford to retain private counsel. Coleman v. Alabama, 399 U.S. 1; 90 S.Ct. 1999, 26 L.Ed.2d 387 (decided June 22, 1970). It is therefore,

Ordered and adjudged that a Preliminary Injunction be and the same is hereby issued enjoining defendant Adair from carrying out his announced policy to exclude, bar or otherwise interfere with plaintiff Weintraub and the members of her class from the lawful representation of plaintiff Williams and the members of his class in the Justice of the Peace Court in and for the Fourth District, Dade County, Florida. Specifically, defendant Adair be and he is hereby enjoined from interfering with plaintiff Weintraub's representation of plaintiff Williams in the case of State v. Williams, being Case No. 22034–35 in the Justice of the Peace Court in and for the Fourth District, Dade County, Florida.

# FINAL ORDER AND PERMANENT INJUNCTION

Pursuant to agreement of counsel, the preliminary injunction entered on June 23, 1970 is hereby converted to a permanent injunction.