No. 25989

Clifford T. Mayfield v. The District Court in and for the City and County of Denver, State of Colorado; The Honorable Robert E. McLean, as one of the Judges of the District Court; and Dan A. Riley, James Tavenner, R. W. Wallis, G. Rennert, and The City and County of Denver

(511 P.2d 490)

Decided June 25, 1973.

Howard I. Rosenberg, James W. Wilson, for petitioner.

Wesley H. Doan, Frank A. Bruno, Marshall A. Fogel, Gerald Himelgrin, for respondents.

*En Banc.*

MR. JUSTICE GROVES delivered the opinion of the Court.

This is an original proceeding in the nature of mandamus and prohibition arising out of the dismissal of an action by the respondent court. We issued a rule to show cause. We now make the rule absolute.

There was pending in the respondent court an action wherein the petitioner and others were plaintiffs and the individual respondents and the respondent City were defendants. The plaintiffs sought damages for alleged false arrest, false imprisonment, and assault and battery. The case was at issue and had been set for trial in February 1974. For various reasons the attorneys originally representing the plaintiffs, were no longer doing so. James W. Wilson, an attorney licensed to practice law by this court, filed an entry of appearance dated February 14, 1973. In this entry of

appearance, Mr. Wilson styled himself as "an employee of Denver Legal Services." The signature was as follows:

"EAST DENVER LEGAL SERVICES:

by *J. W. WILSON* [signature]

JAMES W. WILSON          Attorney

2130 Downing Street

Denver, Colorado 80205"

The defendants moved to strike the complaint, stating the following grounds:

"That James W. Wilson has entered an appearance on behalf of East Denver Legal Services, which is not a recognized law firm permitted to engage as counsel in fee producing cases and Mr. James W. Wilson has entered such an appearance.

"That since the plaintiff is not represented by a recognized attorney or law firm, the Complaint of the plaintiff should be stricken."

At the hearing on the motion, the following occurred:

"THE COURT: Mr. Wilson, let me ask you, in your opinion is there merit to the Plaintiff's claim here?

"MR. WILSON: No.

"THE COURT: There's no merit to the Plaintiff's claim?

"MR. WILSON: No. I would concede to be willing to enter an appearance as James W. Wilson, Attorney at Law.

"THE COURT: No. I'm asking you, in your opinion is there any merit to the Plaintiff's claim on file here?

"MR. WILSON: No.

"THE COURT: The Motion will be granted."

Mr. Wilson has filed an affidavit in which he states that he thought the court was asking his opinion as to the merits of the motion to strike. The affidavit continues:

"After the Court summarily granted the motion and concluded the hearing, your affiant advised the Judge, Honorable Robert E. McLean, in chambers, of the misunderstanding about the Court's question. The Judge replied that the matter had been disposed of."

There is no need to discuss the propriety of the formal entry of appearance since Mr. Wilson offered to have his appearance entered as an attorney. The court should have

entered the appearance.

Respondents argue that this is a fee generating case; that East Denver Legal Services operates under the Economic Opportunity Act (42 U.S.C. § 2781 *et seq.*); and that petitioner's engagement of East Denver Legal Services is an improper use of Office of Economic Opportunity funds. This well may be, but it is no ground for the respondent court to dismiss the action or to refuse to permit the licensed attorney to appear. None of the authorities cited by respondents supports this action by the court.

■ If the respondents are correct as to the impropriety of the representation, we have no doubt that several courses are available to remedy the situation. One of them, however, is not dismissal of the action or the refusal to permit the entry of appearance by the attorney. When an attorney, licensed to practice in this and all inferior courts of this state, enters his appearance, it is not properly within the province of the court to refuse that appearance or dismiss the action because the court feels that this is an action in which a legal aid society does not have an interest.

■ It is not controverted that the attorney mistakenly thought the judge was talking about the motion to strike instead of the merits under the complaint. Respondents, however, argue that the language was so plain that he should have understood it "if he in fact understands the English language."

We accept his uncontroverted statement, particularly considering that, at the time, he had been admitted to the bar of this court for less than seven months. The failure of the trial judge to accept his statement of mistake was arbitrary and capricious.

The rule is made absolute and the trial court directed to accept the entry of appearance of the attorney and to deny the motion to strike.

MR. JUSTICE HODGES does not participate.