314 So.2d 593 (1975)
The STATE of Florida On the Relation of T.J.M., a Child, by and through His Mother, J.D., and J.D., Relators,
v.
Charles T. CARLTON, As Judge of the Circuit Court for the Twentieth Judicial Circuit in and for Hendry County, Florida, Juvenile Division, Respondent.
No. 75-245.
District Court of Appeal of Florida, Second District.
June 11, 1975.
Michael R. Masinter, Homestead, for relators.
Robert L. Shevin, Atty. Gen., Tallahassee, and Guy E. Labalme, Asst. Atty. Gen., Tampa, for respondent.

ON PETITION FOR REHEARING
SCHEB, Judge.
The question presented here is whether the trial court's order dismissing Michael R. Masinter, a member of the Florida Bar in good standing, from representation of the relators in a juvenile delinquency proceeding pending before the respondent judge, was a departure from the essential requirements of the law to the irreparable prejudice of relators. We hold it was and on petition for rehearing, we grant certiorari.
Relators filed a suggestion for a writ of prohibition or in the alternative for a writ of certiorari directed to an order entered by the respondent judge. The order dismissed Michael R. Masinter from further representation of the relators in a juvenile delinquency matter on the grounds that he *594 is employed by Florida Rural Legal Services, Inc. and as such is prohibited by Federal Statute 42 U.S.C. § 2809(a)(3) from defending persons proceeded against for criminal offenses. By reason of this restriction on the scope of the services which legal services attorneys are permitted to render, the trial judge concluded attorney Masinter was prohibited from representing the relators in juvenile delinquency matters.
Relators have filed memoranda indicating that legal services attorneys are expressly authorized to provide representation in juvenile delinquency matters;[1] but it is unnecessary to even reach that question. The more fundamental question is whether a court can prohibit attorney Masinter, or any other member of the Florida Bar, in good standing, from representing any client who has engaged him.[2] Put another way, did the respondent judge act beyond the scope of his authority by passing judgment on the eligibility or authority of an attorney to represent a given client before his court.
Article V, § 15 of the Florida Constitution of 1968, vests the Supreme Court with exclusive jurisdiction to regulate the practice of law. No one questions Attorney Masinter's authority to practice. No authorization, either state or federal, permits judicial inquiry into a client's eligibility for representation in a Florida Court by an attorney who is a member of the Florida Bar in good standing who has been designated by the client. Where the federal government makes legal services available under congressional authority, eligibility for rendering and receiving such legal services is a matter for resolve by the federal agencies which make such services available.
Accordingly, the petition for certiorari is granted and the order entered February 20, 1975, by the respondent judge is quashed.
McNULTY, C.J., and BOARDMAN, J., concur.
NOTES
[1] See, B(2)(b)(3) of Community Action Memorandum #79, dated January 15, 1968, from Office of Economic Opportunity.
[2] Cf. Weintraub v. Adair, 331 F. Supp. 148 (S.D.Fla. 1971), wherein court enjoined a Justice of the Peace from preventing legal services attorneys from representation of clients before that court.