Joseph William MASSEY et al *v.* W. H. ENFIELD, Judge

CR 75-143 · ` 531 S.W. 2d 706

Opinion delivered January 19, 1976

*Jim H. Boyd,* for appellants.

*Jim Guy Tucker,* Atty. Gen., by: *Gary Isbell,* Asst. Atty. Gen., for appellee.

GEORGE ROSE SMITH, Justice. The three petitioners were convicted in the circuit court upon charges involving the possession of marijuana. Joseph William Massey and his wife were each sentenced to a year in jail and a $250 fine. The third petitioner, James Ray McInish, was sentenced to three years' confinement in the penitentiary. Notice of appeal was filed by defense counsel.

Thereafter the three petitioners filed a declaration of indigency and a request that they be supplied with an appellate record at state expense. The declaration of indigency, which is sworn to, states that the petitioners have expended all their funds in their defense, that they are indigent, and that they are free on bond paid for by their parents, but their parents are unable and unwilling to provide further legal assistance. On August 13, 1975, the circuit court denied the request for a free record, finding that the defendants had been employed since January of 1975 and are not indigent. The petitioners then filed this application for a writ of mandamus to compel the circuit court to provide them with an appellate record at public expense.

The petition must be denied. Mandamus cannot be used to control a trial court's discretion. We can issue the writ to require a trial judge to hear a case, but we cannot tell him how to decide it. *Wirges* v. *Bean, Judge,* 238 Ark. 104, 378 S.W. 2d 641 (1964). Hence the writ does not lie when a question of fact is presented. *Mothershead* v. *Ponder, Chancellor,* 220 Ark. 816, 250 S.W. 2d 121 (1952).

Here the record presented such a question. At their trial both Massey and McInish testified that they were employed. Massey was also receiving $100 a month as child support. He further stated that he and his wife had paid their rent for six months in advance from proceeds derived from the sale of a house. On the other side, the petitioners' verified declaration of indigency merely states, as a conclusion, that they have spent their funds in their defense and are indigent. Such conclusory allegations might or might not be a sound basis for a charge of perjury if the State thought them to be false. In any event, however, the issue in the trial court was one of fact, not to be reviewed by mandamus.

Petition denied.