Marvin MARTENS, Plaintiff,

v.

C. E. Chuck HALL, Donald Davis, Donald E. Pratt, Phillip D. Roland, and C. Harold White in their capacities as members of the Board of County Commissioners of Hendry County, Florida, Defendants.

No. 77–8144–Civ–CF.

United States District Court,
S. D. Florida.

Sept. 30, 1977.

Robert M. Hustead, Florida Rural Legal Services, Inc., Immokalee, Fla., for plaintiff.

Neal J. Dunn, Clewiston, Fla., for defendants.

## ORDER

FULTON, District Judge.

This cause came before the Court upon the motions of the defendants to dismiss and for a writ of prohibition.

■ Defendants style their first motion as an "Application for a Writ of Prohibition." The statutory grant of power to federal courts to issue the writ of prohibition is found in 28 U.S.C. § 1651(a). The general purpose of this writ is to protect the court's appellate jurisdiction. *See Parr v. United States*, 351 U.S. 513, 76 S.Ct. 912, 100 L.Ed. 1377 (1956). Thus, the writ petitioned for herein is incorrectly styled. The defendants, no doubt, seek to enjoin counsel for the plaintiff from representation herein. The Court will thus consider the motion in this posture.

■ The basis of defendants' motion is that they contest the representation of the plaintiff by Florida Rural Legal Services, Inc. staff attorneys, because defendant contends that the plaintiff is unqualified to receive the services of that organization. Defendants first contend that since plaintiff is receiving legal services at no charge that he is proceeding in *forma pauperis* under 28 U.S.C. § 1915(a). Since no motion under 28 U.S.C. § 1915(a) has been presented in this action it appears that any attack thereon is of no consequence. It thus follows that the Court has no cause to examine the financial status of a party where no motion has been filed for such status under the statute.

■ Defendants' motion may also be read to attack the ability of Florida Rural Legal Services, Inc. in representing the plaintiff herein. However, counsel for the plaintiff is not Florida Rural Legal Services, Inc., but rather is Robert M. Hustead, admittedly an employee of said organization. It is Robert M. Hustead who has been admitted to The Florida Bar, not Florida Rural Legal Services, Inc. Likewise, it is

Robert M. Hustead who has been admitted to the Bar of this Court. Thus the Supreme Court of Florida under Article 5, Section 15 of the Florida Constitution, and the United States District Court for the Southern District of Florida under Local Rule 16 thereof have determined that Robert M. Hustead is qualified to practice law in their Courts. At this time it appears that said attorney is in good standing and qualified to represent the plaintiff in this cause. See *State ex rel. T.J.M. v. Carlton*, 314 So.2d 593 (Fla.2d D.C.A.1975).

■ Finally, defendants' motion may be read to attack the determination by Florida Rural Legal Services, Inc. that plaintiff is an "eligible client" under the statutory provisions of the "Legal Services Corporation Act of 1974" 42 U.S.C. § 2996 et seq., or of the regulations adopted pursuant to the power granted therein. Congress has given rulemaking power to the Legal Services Corporation to issue rules and regulations concerning its power to define an "eligible client". See, 42 U.S.C. § 2996a(3) and 42 U.S.C. § 2996g(e). Consistent therewith the Corporation issued its regulation on "eligibility" found at 45 CFR Part 1611 as adopted on May 19, 1977. It thus appears that the determination of "eligibility" is an administrative decision within the scope of decision of the Corporation and its recipients.

■ Examination of the statutory and regulatory provisions concerning the Legal Services Corporation reveals further administrative power in the Corporation concerning its own operation. 42 U.S.C. § 2996e(b)(1) grants the Corporation the power to insure compliance with its rules by recipients and their employees. Consistent therewith the Corporation has adopted certain rulemaking for the process of enforcement. 45 CFR Part 1618. It would thus seem that a determination of "eligibility" falsely or improperly made by an employee or recipient would be within the primary jurisdiction of the agency.

Professor Davis' *Administrative Law* 3d Section 19.01 precisely states the reasoning of the doctrine of primary jurisdiction as being

[the] recognition of the need for orderly and sensible coordination of the work of agencies and of courts. Whether the agency happens to be expert or not, a court normally should not act upon subject matter that is peculiarly within the agency's specialized field without taking into account what the agency has to offer, for otherwise parties who are subject to the agency's continuous regulation may become victims of uncoordinated and conflicting requirements.

 In view of Davis' definition the Court recognizes the Corporation's responsibility for coordinating client eligibility and believes that the agency is primarily responsible for developing and supervising the parameters within which such eligibility is to be determined by the recipients, and is further charged with the responsibility for coordinating enforcement of the standards so adopted.

It thus appears that in order to insure against uncoordinated and conflicting requirements the courts should afford primary jurisdiction in matters such as that which is before this court to the agency.

Since the subject matter of the attack is collateral to the merits of this case no stay for the purpose of agency primary jurisdiction is required.

Defendants second motion to dismiss the action is based upon the contention that since this action is brought against the individual members of the Board of County Commissioners the thrust of the complaint is against the Board itself and should therefore be dismissed under the rule of *City of Kenosha v. Bruno,* 412 U.S. 507, 93 S.Ct. 2222, 37 L.Ed.2d 109 (1973). However, in a line of cases confronting this question the Fifth Circuit has consistently held that actions against individuals are cognizable under 42 U.S.C. § 1983. *Thurston v. Dekle,* 531 F.2d 1264 (5th Cir. 1976); *Muzquiz v. City of San Antonio,* 528 F.2d 499 (5th Cir. 1976 *en banc*); *United Farmworkers of Florida v. City of Delray Beach,* 493 F.2d 799 (5th Cir. 1974).

Upon consideration of the foregoing and the motions and memoranda filed herein, it is thereupon

ORDERED and ADJUDGED that defendants' motion to enjoin Florida Rural Legal Services from representing the plaintiff herein is denied, it is further

ORDERED and ADJUDGED that defendants' motion to dismiss is denied.