Mike COURTNEY *v.* Thomas F. BUTT,
Chancellor

78-76                                       572 S.W. 2d 407

Opinion delivered October 30, 1978
(In Banc)

476

*Douglas L. Wilson,* Northwest Arkansas Legal Services, for petitioner.

*W. B. Putman,* for respondent.

*Alice Daniel* and *Stephen S. Walters,* for amicus curiae, Legal Services Corporation, Washington, D.C.

FRANK HOLT, Justice. Petitioner seeks a writ of mandamus directing the respondent to proceed to a hearing and the determination of his divorce action which is pending in respondent's court. Petitioner is represented by counsel employed by Northwest Arkansas Legal Services, Inc. (NWALS), which is an Arkansas non-profit corporation, chartered and funded pursuant to a Congressional Act, to provide legal counsel for poor persons. When petitioner appeared with his counsel, respondent questioned counsel about the ability of petitioner to pay or give security for additional court costs which might accrue in the case. Counsel replied that, although he had not discussed costs with petitioner, except the $20 advance filing fee, which had been paid, he assumed that petitioner was prepared to do so. The $20 advance filing fee is required by Ark. Stat. Ann. § 12-1710.2 (Supp. 1977). Respondent asked counsel if he was

familiar with the Supreme Court Rule 18 of the Uniform Rules for Circuit and Chancery Courts (Per Curiam Order, 262 Ark. 912 [1977]) and respondent's local Rule 9 which adopted the language of Rule 18. Rule 18 requires individuals who seek relief *pro se* or by counsel as an indigent to file a pauper's oath and supporting affidavit. The NWALS counsel took the position that the local court had no authority or right to inquire into the financial status of a client of that agency when that client was not seeking any specific relief by a waiver of court costs or appointment of counsel. Respondent then found that, in view of the record, he was required to return petitioner's complaint without action because of his failure to comply with Rule 18 and local Rule 9, stating that "the representation in this case is that of an indigent person who is seeking relief as such." The court, by written order, found that petitioner is represented by NWALS, an Arkansas non-profit organization chartered to render civil legal services to indigents; therefore, petitioner is applying for relief as an indigent within the meaning of Supreme Court Rule 18 and local Rule 9, and petitioner has failed to file an affidavit (of indigency) setting forth the financial information as required by these rules. Consequently, petitioner is not entitled to a hearing until such time as a proper affidavit is filed.

"Rule 18 of the Uniform Rules for Circuit and Chancery Courts" states:

Pauper's Oath and Affidavit in Support — Requirement. It shall be required that all *pro se* petitions or motions and all petitions or motions filed by counsel seeking relief on behalf of a client who is claiming the status of an indigent, filed in the Circuit Court [Chancery Court] in which the petitioner is claiming relief as an indigent, be accompanied by an assertion of indigency, verified by a supporting affidavit. The affidavit form will be provided by the Circuit Court [Chancery Court] for such purposes. Any petition or motion not in compliance with this rule will be returned to petitioner or counsel for failure to comply.

On appeal petitioner argues that (1) federal law precludes the review required by Rule 18; (2) Rule 18 does

not apply to questions of eligibility for counsel that is not appointed; (3) neither this court nor the trial court has the discretion to deny the appearance of petitioner's counsel, a duly licensed attorney, in petitioner's behalf; (4) the ruling of the trial court violates petitioner's rights under the Fourteenth Amendment to the U.S. Constitution; and (5) petitioner's remedy at law is inadequate. We limit our discussion to the scope of the applicability of Rule 18 to the facts presented here.

Rule 18 requires that assertion of indigency and supporting affidavit be filed in two instances: (1) when a motion or petition is filed *pro se,* or (2) is filed, by counsel, claiming indigency status. The rule makes no mention of an affidavit of indigency when a litigant, represented by counsel, as here, appears in court and seeks no relief as an indigent. However, respondent argues that the appearance of petitioner, after his qualification for representation as a poor person by NWALS under its financial guidelines, amounts to a declaration of indigency, leaving questions as to his ability to pay additional or accrued costs. The record indicates neither exists here. In fact, the only fee that was required of petitioner, the $20 advance filing fee, was paid by him. In summary he has neither applied for the appointment of counsel, waiver of costs, nor for any relief as an indigent pursuant to Rule 18. Neither is it demonstrated that this divorce action is "unusually lengthy and the filings in regard thereto [are] so voluminous that" the advance filing fee ($20) is "inadequate to cover the schedule of fees set forth. . . . " See Ark. Stat. Ann. § 12-1710 et seq. (Supp. 1977).

Obviously, petitioner has met the requirements as a poor person, as prescribed by 42 U.S.C. § 2996, et seq., as amended. The agency NWALS, which represents the petitioner, is funded by the federal government for the purpose of representing individuals whose incomes are below an established poverty level. The Legal Services Corporation Act (42 U.S.C. § 2996, *supra*) is recognized by the respondent as the controlling law with reference to an individual's eligibility for legal services provided by that enactment. No question can be raised in a state court as to whether a litigant is eligible for representation by that agency. That agency has the primary

jurisdiction, exclusive of the state, as to who is eligible for representation by it. *Martens* v. *Hall*, 444 F. Supp. 34 (S.D. Fla. 1977) As indicated here, the petitioner has not claimed the status of an indigent in the chancery court.

Since the petitioner has established a legal right to have his case heard by the trial court, it follows his petition must be granted. *Massey* v. *Enfield*, 259 Ark. 85, 531 S.W. 2d 706 (1976).

Petition granted.

HOWARD, J., not participating.