MOORE, Judge.
Petitioner seeks our peremptory writ of mandamus to compel respondent to proceed with litigation commenced by petitioner. The sole issue is whether a trial judge may refuse to proceed with a case because of his belief that petitioner is not eligible for free legal services.
Petitioner applied to the Legal Aid Society of Palm Beach County for representation in his quest to have his marriage dissolved. Having determined that he met the financial guidelines for eligibility, he was referred by Legal Aid to a member in good standing of the Florida Bar who had volunteered for this service. Dissolution proceedings were commenced, a clerk’s default was entered and the cause proceeded to final hearing.
Upon learning that petitioner was represented through the offices of Legal Aid, respondent conducted an inquiry and apparently concluded that petitioner was not eligible for Legal Aid services. He thereupon entered an order refusing to proceed “because good cause has not been shown that this case should proceed as a Legal Aid matter.”
It is firmly established in Florida law that,
Article V, § 15 of the Florida Constitution of 1968, vests the Supreme Court with exclusive jurisdiction to regulate the practice of law. ... No authorization, either state or federal, permits judicial inquiry into a client’s eligibility for representation in a Florida Court by an attorney who is a member of the Florida Bar in good standing who has been designated by the client.
State v. Carlton, 314 So.2d 593 (Fla. 2nd DCA 1975). Petitioner’s eligibility to receive free legal services is an administrative decision to be made by the agency rendering the services, consistent with established guidelines, and is not within the purview of the trial court.
We feel compelled to note that this is not the first occasion we have had to rule on a *893 similar matter from the same division of the circuit court. See In re Adoption of Coleman, 349 So.2d 693 (Fla. 4th DCA 1977). Access to the courts cannot be denied because of personal predilections. We trust that this order will suffice to clarify any misconceptions under which the trial judge may have been laboring.
The petition is granted, as is our peremptory writ of mandamus, and respondent is directed to proceed with a hearing to determine the merits of the cause before him.
DOWNEY, C. J., and HURLEY, J., concur.