**B. J. B. A., Natural Mother, Appellant,**

v.

**M. J. B. and F. G. B., Adoptive Parents, Appellee.**

No. 4733.

Supreme Court of Alaska.

Nov. 21, 1980.

---

Bruce Horowitz, Alaska Legal Services, Juneau, for appellant.

Ty R. Settles, Eckert, Kalamarides & Associates, Anchorage, for appellees.

Before RABINOWITZ, C. J., CONNOR, BURKE and MATTHEWS, JJ., and COOKE, Superior Court Judge.

## OPINION

MATTHEWS, Justice.

On March 9, 1978, B.J.B.A., the natural mother of M.R.B., flew to Anchorage with her child from their home in the state of Washington to place the child for adoption with M.J.B. and F.G.B. Upon her arrival, the natural mother was transported to the office of the attorney for the adoptive parents where, unaccompanied by counsel, she signed a consent to adoption and waiver of notice form. She then returned to Washington that same afternoon.

On May 23, 1978, the natural mother unsuccessfully attempted to notify the adoptive parents by telephone of her intention to withdraw her consent to the adoption. On May 24, a hearing was held before the probate master on the appellees' petition for adoption. The master indicated that

she would wait until at least June 2 before closing the proceedings to allow for filing of an adoption investigation report pursuant to AS 20.15.100.[1]

On May 27, the natural mother notified the master by wire of her desire to withdraw her consent.[2] On May 30, the probate master notified the natural mother that, based on the March 9 consent, "there appears to be no reason to prevent entry of a decree" of adoption, but that an appeal from the decree could be taken. On June 5, before filing of the investigation report and without finding a waiver of the report to be in the best interest of the minor child,[3] the master recommended that the petition be granted. On the same day the superior court, relying on the probate master's recommendation, but unaware of the natural mother's attempted withdrawal of consent, signed and entered the decree of adoption. The adoption investigation report was filed with the court on June 12.

■ On June 15, the natural mother moved for relief from the decree, a new trial, and interim visitation rights. This

motion was denied, after various delays,[4] on October 10, 1979, and this appeal followed.

The issues here involve construction of AS 20.15.070, which provides:

*Withdrawal of Consent.* a) A consent to adoption may not be withdrawn after the entry of a decree of adoption.

b) A consent to adoption may be withdrawn before the entry of a decree of adoption, within 10 days, by delivering written notice to the person obtaining the consent, or after the 10 day period, if the court finds, after notice and opportunity to be heard is afforded to petitioner, the person seeking the withdrawal, and the agency placing a child for adoption, that the withdrawal is in the best interest of the person to be adopted and the court orders the withdrawal.

The natural mother contends that her consent was invalid because the consent to adoption form did not include a statement of her right to withdraw the consent within ten days. She argues that such a statement was either required by statute, or, alternatively, the failure of the statute to include such a requirement has deprived her of due

---

1. AS 20.15.100 provides in part:
 (d) Except as provided in (g) and (i) of this section, an investigation shall be made by the department or any other qualified agency or person designated by the court to inquire into the conditions and antecedents of a minor sought to be adopted and of the petitioner for the purpose of ascertaining whether the adoptive home is a suitable home for the minor and whether the proposed adoption is in the best interest of the minor.
 (e) A written report of the investigation shall be filed with the court by the investigator before the petition is heard so long as the report is filed within 30 days of the designation by the court of the department, agency or person to make the investigation.
 (f) The report of the investigation shall contain an evaluation of the placement with a recommendation as to the granting of the petition for adoption and any other information the court requires regarding the petitioner or the minor.

2. The court was also notified of the withdrawal by counsel on May 30, 1975.

3. AS 20.15.100(g) provides:
 (g) Unless directed by the court, an investigation and report is not required in cases in which an agency is a party or joins in the petition for adoption, a step–parent is the

petitioner, the person to be adopted is within the fourth degree of lineal or collateral consanguinity to the petitioner, or the person to be adopted is an adult. In other cases, the court may waive the investigation only if it appears that the waiver is in the best interest of the minor and that the adoptive home and the minor are suited to each other. The department which is required to consent to the adoption may give consent without making the investigation.

4. Part of the delay was occasioned by the adoptive parents' challenge to the natural mother's eligibility for representation by Alaska Legal Services Corporation. "[T]he determination of 'eligibility' is an administrative decision within the scope of decision of the corporation and its recipients." *Martens v. Hall,* 444 F.Supp. 34, 35 (S.D.Fla.1977). *See generally, Dimmick v. Watts,* 490 P.2d 483 (Alaska 1971). Although Alaska Legal Services does not have unlimited discretion in determining whether to accept clients, we can see no interests other than vexatious ones that were promoted by counsel for the adoptive parents in challenging such a determination. *See Public Defender Agency v. Superior Court,* 534 P.2d 947, 952 n. 7 (Alaska 1975).

process of law. Second, she argues that AS 20.15.070(b) required the superior court to grant a hearing on whether she could withdraw her consent.

■■ The natural mother's first point is based on a reference to the statutory provision governing relinquishment of parental rights which states that a relinquishment is invalid unless it includes a statement of the ten–day right of withdrawal.[5] The requirement of that provision, however, is not applicable to a consent to adoption. We agree that it might be beneficial to include such a requirement in AS 20.15.070, but that action is appropriate for consideration by the legislature rather than this court. As the Oregon Supreme Court stated in response to a challenge to its consent revocation statute, which bars the natural parents from revoking consent upon entry of a decree at the expiration of six months:

> Since the legislature has enacted statutes prescribing how adoptions shall be accomplished, this court has no power to change in any particular the law as expressed in those statutes.... The role of this court is limited to construing the adoption statutes and attempting to ascertain the meaning of the legislature as expressed therein.

*Strobel v. Garrison*, 255 Or. 16, 464 P.2d 688, 689–90 (1970).

■ The natural mother argues in the alternative that if notice of the statutory right to withdraw one's consent to adoption within ten days after it is given is not required by AS 20.15.070(b), then that statute has violated her right to due process of law. No persuasive authority is submitted to support this argument. We have recog- nized, in several different contexts, that a valid consent may be given without the person whose consent is requested first being advised of his or her statutory or constitutional right to refuse. A driver's right to refuse consent to a breathalyzer test is one example. In *Wirz v. State*, 577 P.2d 227 (Alaska 1978), we held that in the absence of a specific statutory requirement that arrestees be advised of their right to refuse the test, "it would be inappropriate for this court to engraft such a requirement onto [the statute]." 577 P.2d at 230. Similarly, the constitutional right to withhold consent to a police search need not be expressly communicated. *Schneckloth v. Bustamonte*, 412 U.S. 218, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973); *Frink v. State*, 597 P.2d 154 (Alaska 1979); *Henry v. State*, 621 P.2d 1 (Alaska 1980). We find these authorities persuasive and decline to hold AS 20.15.070 (b) to be unconstitutional as it stands.

■ The natural mother's second point, however, is well taken. AS 20.15.070(b) provides, in addition to the absolute right of withdrawal within ten days, that one may withdraw one's consent to adoption at any time before the entry of the adoption decree if the court finds, after notice and an opportunity to be heard is afforded to all parties involved, that the withdrawal is in the best interest of the person to be adopted. No statement of reasons for the desired withdrawal is called for. The statute clearly calls for a hearing on the best interest of the child if written notice of withdrawal is filed at any time prior to entry of the decree of adoption. Since such a notice was filed, the court's failure to afford the natural mother a hearing was error.

---

5. AS 20.15.180(b)(1) provides:
 b) All rights of a parent with reference to a child, including the right to receive notice of a hearing on a petition for adoption, may be relinquished and the relationship of parent and child terminated by a writing, signed by the parent, regardless of the age of the parent, a copy of which shall be given to the parent,
 1) in the presence of a representative of an agency taking custody of the child, whether the agency is within or outside of the state or in the presence and with the approval of a court within or outside of this state in which the minor was present or in which the parent resided at the time it was signed, which relinquishment may be withdrawn within 10 days after it is signed or the child is born, whichever is later; and the relinquishment is invalid unless it states that the parent has this right of withdrawal;

In summary, we hold that the natural mother is entitled to a hearing to determine whether withdrawal of her consent is in the best interest of the child.[6] We remand for such a hearing and set aside the decree of adoption pending its outcome. Since the consent is valid unless and until the court orders its withdrawal pursuant to AS 20.-15.070(b), the adoptive parents shall maintain interim custody. Should the court find withdrawal not in the best interest of the child, the decree may be reinstated *nunc pro tunc.*

VACATED and REMANDED.

BOOCHEVER, J., not participating.

RABINOWITZ, Chief Justice, concurring in part, dissenting in part, joined by BURKE, Justice.

I am in agreement with the court's construction of AS 20.15.070(b) and its holding that here the natural mother must be afforded a hearing concerning her withdrawal of consent to the adoption of her minor child. However, in my view, the decree of adoption in the case at bar must be permanently vacated, since the natural mother's consent to adoption is invalid.

In *Delgado v. Fawcett,* 515 P.2d 710 (Alaska 1973), we stated:

The correlative rights and duties inherent in the parent–child relationship are natural rights of such fundamental importance that it is generally held that parents should not be deprived of them 'except for grave and weighty reasons.' In an adoption proceeding, where an absolute severance of this relationship is sought, the consent provisions are designed to protect the natural rights of a parent to the custody, society, comfort, and services of the child.[1]

In recognition of the substantial rights of a natural parent which are implicated in adoption proceedings, the legislature in part has provided that:

A consent to adoption may be withdrawn before the entry of a decree of adoption, within 10 days, by delivering written notice to the person obtaining the consent.[2]

Given the "essential" nature of a parent's right to conceive and raise his or her children,[3] I am of the view that unless the natural parent receives actual notice of the protection afforded by AS 20.15.070(b) his or her consent to adoption is invalid.

In past decisions, this court has stressed the importance of adequate notification of a party's rights in cases involving economic relations. *Aguchak v. Montgomery Ward Co., Inc.,* 520 P.2d 1352 (Alaska 1974). In *Aguchak,* a summons to appear in a small claims proceeding did not mention the receiving party's right to file a written pleading rather than make a personal appearance. We held the summons to be defective and a denial of due process because it did not adequately inform the receiving party of his option of filing a written pleading and therefore failed to convey the constitutionally required information sufficient to afford the party an opportunity to be heard. *Id.* at 1356. Surely notification of a natural mother's rights, when that parent is involved in adoption proceedings which could sever, for all time, her rights and interests as a natural parent, is equally, if not more, significant. As the Supreme Court said in *Stanley v. Illinois,* 405 U.S. 645, 92 S.Ct. 1208, 31 L.Ed.2d 551 (1972):

It is plain that the interest of a parent in the companionship, care, custody, and management of his or her children 'come[s] to this Court with a momentum for respect lacking when appeal is made

---

**6.** As one factor in this determination the court should consider the circumstances as they were in May of 1978 when withdrawal of this consent was attempted. Of course, present circumstances must also be weighed.

**1.** 515 P.2d at 712, *quoting In re Parks' Petition,* 267 Minn. 468, 127 N.W.2d 548, 553 (Minn. 1964) (footnotes omitted).

**2.** AS 20.15.070(b).

**3.** *Stanley v. Illinois,* 405 U.S. 645, 651, 92 S.Ct.

to liberties which derive merely from shifting economic arrangements.'[4]

The consent to adoption form which the natural mother signed in this case did not contain an advisement that she had the right to withdraw her consent within ten days. This omission was particularly important here because placement of the child with the adoptive parents and execution of the consent occurred simultaneously.[5] I consider it of further significance that the consent to adoption was executed by the natural parent, without the advice of independent counsel, in the office of the adoptive parent's attorney and acknowledged by that attorney.[6] For these reasons, I conclude that the natural mother, in the factual context of this case, was denied due process of law under Article I, section 7 of the Alaska Constitution and thus that her consent was invalid.[7]

One further observation is appropriate. I agree with the majority that, to avoid future injustice, it would be helpful to include a statutory provision in AS 20.15.070 similar to the provisions governing relinquishment of parental rights,[8] which would provide that a consent to adoption is invalid unless it includes a statement that the parent has a ten-day right of withdrawal.

1208, 1212, 31 L.Ed.2d 551, 558–59 (1972).

4. 405 U.S. at 651, 92 S.Ct. at 1212, 31 L.Ed.2d at 558, *quoting Kovacs v. Cooper*, 336 U.S. 77, 95, 69 S.Ct. 448, 458, 93 L.Ed. 513, 527 (1949) (Frankfurter, J., concurring).

5. Where placement and consent occur at the same time, the 10–day withdrawal provision of AS 20.15.070(b) provides an opportunity for reflection upon the consent decision beyond the potentially emotional moment of placement.

6. There is nothing in the record to indicate that the natural parent had notice of her withdrawal right in time for her to exercise it within the 10–day period.

7. Although the consent to adoption form that the natural mother signed contained a "waiver of notice" provision, this waiver was invalid

because it contained no description of what actual rights and provisions were being waived. *See Fuentes v. Shevin*, 407 U.S. 67, 94–96, 92 S.Ct. 1983, 2001–02, 32 L.Ed.2d 556, 578–79 (1972).

Unlike the authorities referred to in the court's opinion, we are dealing here with an explicit legislative grant of a right to withdraw a consent to adoption. Given the fundamental importance of the parent–child relationship and the right of withdrawal, granted by AS 20.15.-070(b), I find the authorities cited by the majority unpersuasive.

8. *See* AS 20.15.180(b)(1). *Compare* Indian Child Welfare Act §§ 103(a), (c), 25 U.S.C.A. §§ 1913(a), (c) (West Supp.1980).