ALMON, Justice.
Petition for writ of mandamus to the Honorable J. C. Norton, Judge of the Circuit Court of Dallas County, Alabama.
Petitioner, Eddie Mitchell, brought suit against Frank Morris Pontiac-Buick, GMC, Inc., to rescind a contract for fraud in the sale of a used automobile. The defendant filed a motion to dismiss the complaint for failure to state a claim upon which relief could be granted and challenged the sufficiency of Mitchell’s fraud allegations. During the hearing on the motion to dismiss, Defendant moved, pursuant to Code 1975, § 34-3-23, to disqualify Petitioner’s attorney, a staff attorney in the Selma Regional Office of the Legal Services Corporation of Alabama, on the ground that the suit was a “fee generating action” and, according to 42 U.S.C.A. § 2996f(b)(l), not a proper subject for Legal Services representation. Peti *52 tioner’s attorney responded by filing both a motion to quash and a brief in support thereof. After reviewing Petitioner’s brief, Judge Norton granted the motion to disqualify because he found that Mitchell’s attorney was “not qualified to act as attorney for Plaintiff in this case for the reason that [he] is providing legal assistance with respect of a ‘fee generating case' in violation of 42 U.S.C.A. § 2996f(b)(l), and the Court expressly finds this case to be a ‘fee generating case.’ ”
Petitioner argues that the Circuit Court lacked jurisdiction to determine whether Legal Services was properly representing him. It is his contention that the question of whether the Legal Services Corporation Act was violated by representation in a fee generating case is not properly made an ancillary issue in the proceedings, but is only to be determined by resorting to the complaint procedures set forth in the Act. In support of his argument, Petitioner cites 42 U.S.C.A. § 2996e(b)(l)(B) (1977), which provides:
No question of whether representation is authorized under this subchapter, or the rules, regulations or guidelines, promulgated pursuant to this subchapter, shall be considered in, or affect the final disposition of, any proceeding in which a person is represented by a recipient or any employee of a recipient. A litigant in such a proceeding may refer any question to the Corporation which shall review and dispose of the questions promptly, and take appropriate action. This subpara-graph shall not preclude judicial review available under applicable law.
Petitioner also refers to 45 C.F.R. § 1618.1, which provides:
In order to insure uniform and consistent interpretation and application of the Act, and to prevent a question of whether the Act has been violated from becoming an ancillary issue in any case undertaken by a recipient, this part [concerning enforcement procedures under the Legal Services Corporation Act] establishes a systematic procedure for enforcing compliance with the Act,
and 45 C.F.R. § 1618.3, which states:
A complaint of a violation of the Act by a recipient or an employee may be made to the recipient, the State Advisory Council, or the Corporation.
Respondent, on the other hand, interprets the last two sentences in 42 U.S.C.A. § 2996e(b)(l)(B) as permitting, but not requiring, a litigant to refer the question of proper representation to the Corporation. Therefore, Defendant argues, the court was not precluded from determining the question in the first instance. We must disagree because of federal law.
The congressional history of these provisions makes clear the intent that judicial review of the question of proper representation is not to be invoked until after the Legal Services Corporation has first passed upon the issue.
The House Report notes:
[S]ince the inception of federally funded legal service, parties to lawsuits in which the opponent is represented by a legal services program have, from time to time, sought to avoid resolution of the issues in the suit by challenging the authority of the legal services program to provide representation in the particular case or to the particular client. Courts that have been asked to rule upon such questions have been uniform in holding that such issues should not be raised in that forum. The courts have said that such issues should be taken up with the agency providing funding. [42 U.S.C. § 2996e(b)(lXB)] is thus declaratory of existing law as it has been announced by the courts. The Committee believes that repetitive litigation of this issue is a needless drain on federal funds provided for the representation of poor people, and the section has been added to discourage further frivolous litigation of the issue.
H.R.Rep.No.95-310, 95th Cong. 1st Sess., reprinted in [1977] U.S. Code Cong. & Ad. News pp. 4503, 4510 (footnote omitted). Similarly, the Joint Committee Conference Report explains:
*53 The House bill and the Senate amendment each prohibits challenges to the authority of legal services programs to provide representation in a particular case or to a particular client during a proceeding.
In addition, the Senate amendment, but not the House bill, requires that such issues shall be referred to the Corporation for review and disposition and clarifies that the party challenging the authority of the local legal services program to represent a client is not precluded from seeking judicial review of the Corporation’s decision.
The conference substitute provides that no question of whether representation is authorized under this title, or the rules, regulations or guidelines promulgated pursuant to this title, shall be considered in, or affect the final disposition of, any proceeding in which a person is represented by a recipient or any employee of a recipient; that a litigant in such a proceeding may refer any such question to the Corporation which shall review and dispose of the question promptly, and take appropriate action; and that judicial review of the Corporation’s action or inaction is not precluded where available under applicable law.
H.R.Rep.No. 95-825, 95th Cong. 1st Sess. reprinted in [1977] U.S. Code Cong. & Ad. News pp. 4530, 4532.
Based upon the foregoing and the decisions of other courts which have passed upon this and similar issues, see, e. g., Harris v. Tower Loan of Mississippi, Inc., 609 F.2d 120 (5th Cir. 1980); Anderson v. Redman, 474 F.Supp. 511 (D.Del.1979); Martens v. Hall, 444 F.Supp. 34 (M.D.Fla.1977); Brame v. Ray Bills Finance Corp., 76 F.R.D. 25 (N.D.N.Y.1977); Courtney v. Butt, 264 Ark. 475, 572 S.W.2d 407 (1978); we hold that the circuit court lacked jurisdiction to initially determine the issue of representation in this case.
Defendant advances one additional argument for denial of mandamus in this case. Although it is conceded in brief that “Petitioner has not adequate remedy available other than to seek relief by way of mandamus,” Defendant contends the writ should not issue because
Petitioner has no clear right to the relief sought, i. e., the right of representation by Legal Services Corporation of Alabama in a fee generating case since that is expressly prohibited by law; nor does the ... Judge have a clear duty to permit such representation in view of the discretion vested in the Court pursuant to Section 34r-3-23, 1975 Code of Alabama.
Again we must disagree. Because of the authorities hereinabove cited we must assume that the Petitioner is entitled to representation by Legal Services. Furthermore, the question of whether the Judge has a duty to permit such representation is answered by reference to Code 1975, § 34-3-23, which provides:
The Court or judge may, on motion of either party and on being shown reasonable grounds therefor, require the attorney for the adverse party, or for one of the several adverse parties, to produce or prove the authority under which he appears and, until he does so, may stay all proceedings by him on behalf of the party for whom he assumes to appear; but the oath of the attorney is presumptive evidence of his authority, [emphasis supplied]
Thus, it is clear that the Judge’s exercise of discretion is limited to those circumstances where “reasonable grounds therefor” are shown. In the present case, because the Judge lacks jurisdiction to determine the issue raised by Defendant, no reasonable grounds have been shown and the Judge cannot require proof of the attorney’s authority. Absent some other ground for disqualifying Petitioner’s attorney, the Judge has a duty to permit Petitioner’s attorney to continue his representation in this matter.
In sum, Petitioner seeks a writ of mandamus: (1) declaring that the Circuit Court had no jurisdiction to disqualify Legal Services on the ground that the suit was a fee generating action; (2) ordering the Circuit Judge to vacate his order disqualifying Petitioner’s attorney; and (3) directing *54 the Circuit Court Judge to dissolve the stay placed upon these proceedings pending Petitioner’s retention of another attorney. In support of his Petition, he has shown that the court did in fact lack the jurisdiction to disqualify his attorney; that he has a right to representation by Legal Services; that the Judge has a duty to permit such representation; and that, unless the requested writ is issued, he has no other adequate remedy for enforcement of that right. The requirements for the issuance of the writ have been met. Martin v. Loeb & Co., Inc., 349 So.2d 9 (Ala.1977).
The writ is due to be granted.
Writ granted.
EMBRY and ADAMS, JJ., concur.
TORBERT, C. J., and FAULKNER, J., concur in the result.