DAVID DEMICHELE *vs.* WALTHAM DIVISION OF THE
DISTRICT COURT DEPARTMENT & another.[1]

Suffolk. November 2, 1993. - March 10, 1994.

Present: LIACOS, C.J., NOLAN, O'CONNOR, & GREANEY, JJ.

*Legal Services Organization.*

A District Court judge may not disqualify a litigant in a civil case from
receiving free legal representation by a State-funded law school legal
services program on the ground that the litigant is not indigent, where
G. L. c. 221A, § 7, specifically prohibits the judge from making such a
determination. [246-248]

CIVIL ACTION commenced in the Supreme Judicial Court
for the county of Suffolk on January 15, 1993.

The case was heard by *Lynch*, J.

*Paul R. Tremblay* for the plaintiff.

*Frank R. Sherman* for Bernard LeBlanc, trustee.

*Lonnie A. Powers*, for Massachusetts Legal Assistance
Corporation, amicus curiae, submitted a brief.

*Ernest Winsor & Ann Morse Hartner*, for Massachusetts
Tenants Organization, amicus curiae, submitted a brief.

O'CONNOR, J. The question on appeal is whether a judge
in the District Court may disqualify a litigant in a civil case
from receiving free legal representation by a State-funded

---

[1]Bernard LeBlanc, trustee of Baron Realty Trust. The Waltham
Division of the District Court Department was granted nominal party
status.

We acknowledge the amicus curiae brief filed by Massachusetts Legal
Assistance Corporation.

The Massachusetts Tenants Organization has filed a motion for leave to
file an amicus brief. The defendants oppose the motion. We allow the
motion. We observe, however, that the primary focus of the brief is on
policy considerations whereas, in deciding this case, we rely primarily on
the unambiguous language of the relevant statute.

law school legal services program on the ground that the litigant is not indigent.[2]

The appellate issue arose in the following context. The plaintiff, David DeMichele, filed a complaint in the Waltham Division of the District Court Department against his former landlord, Baron Realty Trust, and Bernard LeBlanc, trustee of Baron Realty Trust, alleging unfair and deceptive trade practices in violation of G. L. c. 93A (1992 ed.), based on the defendants' failure to remedy various apartment defects, and on violations of G. L. c. 186, § 15B (1992 ed.), the security deposit statute. The plaintiff was represented in the action by a law student and a supervising member of the bar from the Boston College Legal Assistance Bureau (BCLAB) pursuant to S.J.C. Rule 3:03, as amended, 414 Mass. 1303 (1993).[3] A judge found the plaintiff "marginally" indigent and granted his fee and cost waiver request, pursuant to G. L. c. 261, §§ 27A-27G (1992 ed.), except for the filing fee. The defendants then moved to disqualify the plaintiff's attorneys, arguing that BCLAB "is a legal-assistance organization supported by federal and state funding and [that] the plaintiff [did] not qualify to be represented by such an organization." The plaintiff argued that the defendants were

[2]The plaintiff has moved in this court to clarify the record to show that Massachusetts Legal Assistance Corporation is the source of funding of Boston College Legal Assistance Bureau, which is the law school legal services program involved in this case. The private defendants oppose the plaintiff's motion.

It appears that, at the District Court hearing on the representation issue, the parties proceeded on the assumption that the Federal government, through Legal Services Corporation, rather than the Commonwealth, through Massachusetts Legal Assistance Corporation, was the funding source. The defendants do not dispute that the Commonwealth was the source of funding. For that reason, and also because the relevant Federal and State statutes are virtually identical, making it immaterial whether Boston College Legal Assistance Bureau is funded through Legal Services Corporation (Federal) or Massachusetts Legal Assistance Corporation (State), we allow the plaintiff's motion to clarify the record. We shall focus primarily on the relevant Massachusetts statute.

[3]Throughout this opinion we cite the current versions of the relevant statutes and rules. None of the amendments enacted since this action was commenced in 1991 bears on our conclusion in this case.

barred by 42 U.S.C. § 2996e(b)(1)(B) (1988), a provision of the Legal Services Corporation Act, from challenging in the course of the District Court litigation the plaintiff's eligibility for free legal representation.

The judge found that the plaintiff "d[id] not qualify for a court-authorized paid attorney," and stated in a memorandum that, although he had "found the plaintiff marginally indigent and allowed the plaintiff's '[r]equest for [w]aiver . . . of [f]ees and [c]osts' with the exception of the filing fee," on reconsideration, "after further hearing of the plaintiff's current fiscal status," he found that "the plaintiff is financially able to procure his own counsel; that he is not among the 'poor, needy, indigent or otherwise unable to procure counsel of his choosing'; and that the Legal Assistance Bureau is not fulfilling the statutory purpose, but rather it is pursuing its personal academic interests in accepting this plaintiff's case while denying more deserving plaintiffs and defendants with less academically challenging cases. . . ." The judge then wrote a letter to the licensed attorney at BCLAB explicitly prohibiting "plaintiff counsel . . . from representing the ·. . . plaintiff" in this case. The judge wrote, "If [the plaintiff] is to be represented by counsel in the further presentation of this case, he must secure counsel of his own choosing and at his own expense." On the plaintiff's request for reconsideration, the judge ruled that "specifically considering Title 42, []§ 2996e(b)(1)(B) . . . [the] court does have authority to find that the named plaintiff does not qualify for representation by a legal aid society," but he granted the plaintiff's request for a stay of disqualification pending review. A single justice of this court denied the plaintiff's petition for relief under G. L. c. 211, § 3, after a hearing. The plaintiff appealed to the full court. We now reverse the order of the single justice denying relief, and we vacate the District Court judge's order disqualifying the plaintiff from receiving free legal representation by the plaintiff's present counsel furnished by BCLAB.

Massachusetts Legal Assistance Corporation (MLAC) is authorized by G. L. c. 221A, § 2 (1992 ed.), to give finan-

cial assistance to legal services programs that provide free legal services to certain indigent parties. MLAC is empowered "to accept and evaluate applications from qualified legal services programs and to determine the amount of financial assistance to be provided to such qualified legal services programs." G. L. c. 221A, § 6 (*k*). Chapter 221A, § 7, provides in material part. as follows:

> "The corporation shall have authority to insure the compliance of recipients and their employees with the provisions of this chapter and the rules, regulations, and guidelines promulgated pursuant to this chapter, and to terminate after a hearing financial support to a recipient which fails to comply. Any such action shall be in accordance with the provisions of chapter thirty A.
>
> "No question of whether representation is authorized under this chapter, or the rules, regulations or guidelines promulgated pursuant to this chapter, shall be considered in, or affect the final disposition of any proceeding in which a person is represented by a recipient or an employee of a recipient. A litigant in such a proceeding may refer such question to the corporation which shall review and dispose of a question promptly and take appropriate action."

The statute makes clear that the question whether BCLAB is misapplying MLAC funds by representing the plaintiff in this case is not for the judge but, instead, for MLAC to answer. "No question of whether representation is authorized . . . *shall be considered in*, or affect the final disposition of, *any proceeding in which* a person is represented by a [funding] recipient" (emphasis added). G. L. c. 221A, § 7. In this case, the plaintiff is represented by counsel provided by a funding recipient, BCLAB, and therefore, by application of the clear terms of the statute, the question whether that representation is authorized may not be considered in this proceeding. The statutory prohibition is not only against consideration by the judge of the representation question in

connection with resolving the merits of the case but also is against consideration by the judge of the representation question for any other purpose. Construed any other way, the statutory language would be redundant.

It does not follow, of course, that a recipient of MLAC funds, such as BCLAB, is immune from challenges to its representation of unqualified clients or other misapplication of the funds it has received. As the statute provides, "[a] litigant in [any proceeding in which a person is represented by an employee of a recipient] may refer such question to the corporation [MLAC] which shall review and dispose of a question promptly and take appropriate action." Section 7 provides that appropriate action may include "terminat[ing] after a hearing financial support to a recipient which fails to comply" with the provisions of c. 221A and the rules, regulations, and guidelines promulgated pursuant thereto. "Any such action [termination of financial support] shall be in accordance with the provisions of chapter thirty A." G. L. c. 221A, § 7.

Just as MLAC is the creature of Massachusetts law, Legal Services Corporation (LSC) was created by Congress to provide financial assistance to legal services programs that provide free legal services to certain indigent persons. 42 U.S.C. §§ 2996-2996k (1988). As we observed in note 2, *supra*, the relevant State and Federal statutes are virtually identical. Relevant decisions in other jurisdictions construing the Federal statute are therefore instructive with respect to the meaning of G. L. c. 221A, as are relevant Federal regulations. For relevant decisions see *Mitchell* v. *Frank Morris Pontiac-Buick-GMC, Inc.*, 395 So. 2d 51 (Ala. 1981); *Mayfield* v. *District Court*, 182 Colo. 132, 134 (1973) ("it is not properly within the province of the court to refuse [the appearance of a legal services attorney] because the court feels that this is an action in which a legal aid society does not have an interest"); *State ex rel. T.J.M.* v. *Carlton*, 314 So. 2d 593, 594 (Fla. Dist. Ct. App. 1975). As the Code of Federal Regulations explains, the provisions of the Federal statute, which in all material respects are the same as the G. L.

c. 221A provisions we have discussed above, were designed "to prevent a question of whether the Act has been violated from becoming an ancillary issue in any case undertaken by a [funding] recipient." 45 C.F.R. § 1618.1 (1993). It is reasonable to suppose that the Massachusetts Legislature, by incorporating in the MLAC statute the same language Congress used in the LSC statute, intended the same result. As the plaintiff argues, a central purpose of the statutory provisions barring inquiry into eligibility questions within a proceeding in which a legal services client is involved is to prevent the opponents of legal services clients from abusively challenging the appropriateness of a representation in lieu of addressing the merits of a dispute.

We have considered the defendants' arguments based on S.J.C. Rule 3:03 (student practice) and S.J.C. Rule 3:10, as amended, 399 Mass. 1207 (1987) (determination of indigency and assignment of counsel in criminal cases) and reject them. We reverse the decision of the single justice. The case is remanded to the Supreme Judicial Court for the county of Suffolk for entry of a judgment which will vacate the order of the judge in the District Court disqualifying the plaintiff from receiving free legal representation by counsel furnished by Boston College Legal Assistance Bureau.

*So ordered.*