676 P.2d 628

**GULF HOMES, INC.,**
**Plaintiff/Appellant/Cross-Appellee,**

v.

**Andres A. GONZALES and Teresa**
**Gastelum, Defendants/Appel-**
**lees/Cross-Appellants.**

**No. 17012–PR.**

Supreme Court of Arizona,
In Banc.

Jan. 6, 1984.

Dan A. Sinema, Tucson, for plaintiff/appellant/cross-appellee.

Southern Arizona Legal Aid, Inc. by John G. Balentine, Tucson, for defendants/appellees/cross-appellants.

GORDON, Vice Chief Justice:

On May 3, 1983 the Court of Appeals affirmed in part and reversed in part the decision of the Superior Court in *Gulf Homes, Inc. v. Gonzales*, 139 Ariz. 1, 676 P.2d 635 (App.1983). Both parties' requests for rehearing were denied. We accepted Gonzales and Gastelum's petition for review solely to determine if the Court of Appeals erred when it denied Southern Arizona Legal Aid, Inc. ("SALA") attorney's fees because SALA had not averred that its representation in the underlying lawsuit was proper. We have jurisdiction pursuant to Ariz. Const. art. 6, § 5(3) and Ariz.R.Civ. App.P. 23.

We hold that the Legal Services Corporation Act, 42 U.S.C. § 2996 *et. seq.* as amended in 1977, prohibited the Court of Appeals' inquiry into the propriety of SALA's representation of Mr. Gonzales and Ms. Gastelum. We vacate the Court of Appeals' decision with respect to attorney's fees; the remainder of the decision is approved.[1]

A brief description of the structure of the Legal Services Corporation ("Corporation"), the Legal Services Corporation Act ("the Act"), and SALA is necessary for disposition of this case. The Corporation is a private, non-profit corporation created by Congress in 1974 to provide legal assistance to persons financially unable to afford private counsel. 42 U.S.C. § 2996b(a). It is governed by a board of eleven directors, appointed by the President of the United States with the advice and consent of the Senate. 42 U.S.C. § 2996c(a). The Corporation receives an annual appropriation from Congress which it distributes in grants and contracts to legal services organizations that meet the requirements of the Act and regulations promulgated thereunder. These organizations, in turn, provide direct assistance to eligible clients. Though the Corporation is not a federal agency, 42 U.S.C. § 2996d(e)(1), it has a statutory duty to ensure compliance with the Act and to ensure that grants and contracts are made so as to provide the most economical and effective delivery of legal assistance. 42 U.S.C. § 2996f. It is the responsibility of the Corporation, not the courts, to ensure compliance with the Act. The Corporation can, for example,

---

1. For a detailed version of the facts and discussion of the merits underlying the request for attorney's fees, see the Court of Appeals' decision, *supra.*

withdraw support from a recipient organization that fails to comply with regulations restricting their representation. The Corporation is authorized to police its own.

SALA is a grantee of the Corporation although it receives funding from other sources as well. It is a non-profit corporation organized under the laws of Arizona to provide free legal assistance to indigents in its service area. The defendants/appellees/cross-appellants in *Gulf Homes, Inc. v. Gonzales* were represented by SALA.

■ We turn now to the issue at hand. It is clear that attorneys' fees are to be awarded to prevailing parties under the Truth-In-Lending Act, 15 U.S.C. § 1640(a), irrespective of whether they are represented by private practitioners or legal services organizations. *Alyeska Pipeline Service Co. v. Wilderness Society*, 421 U.S. 240, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975); *Kessler v. Associates Financial Services Co.*, 639 F.2d 498 (9th Cir.1981); *Manning v. Princeton Consumer Discount Co., Inc.*, 533 F.2d 102 (3d Cir.), *cert. denied*, 429 U.S. 865, 97 S.Ct. 173, 50 L.Ed.2d 144 (1976); *Sellers v. Wollman*, 510 F.2d 119 (5th Cir.1975). It is also clear that Mr. Gonzales and Ms. Gastelum prevailed on their claim under that statute. Why then were they denied attorneys' fees with respect to that claim?

The Court of Appeals held:

"Under 42 U.S.C. 2996f(b)(1) and 45 C.F.R. 1603.3, Legal Aid is prohibited from providing legal assistance in fee generating cases unless other adequate representation is unavailable. The criteria for determining whether other adequate representation is available are contained in 45 C.F.R. 1609.4. The record does not indicate that any of these criteria were met. Therefore, defendants are not entitled to statutory attorney's fees."

138 Ariz. at 7, 676 P.2d at 641. The Court of Appeals' assumption that it is the proper arbiter of whether the regulations concerning representation in fee generating cases have been complied with in a given case flies in the face of Congress' intent in enacting 42 U.S.C. § 2996e(b)(1)(B), amended Pub.L. No. 95–222, § 6(a), 91 Stat. 1619, 1620 (1977). 42 U.S.C. § 2996e(b)(1)(B) provides that:

"No question of whether representation is authorized under [the Act], or the rules, regulations or guidelines promulgated pursuant to [the Act] shall be considered in, or affect the final disposition of, any proceeding in which a person is represented by a recipient or an employee of a recipient. A litigant in such a proceeding may refer any such question to the Corporation which shall review and dispose of the question promptly, and take appropriate action. This subparagraph shall not preclude judicial review available under applicable law."

This provision clearly states that questions of the propriety of legal services representation of clients is within the primary jurisdiction of the Corporation itself. The reference to "judicial review" in the last sentence of the subsection does not alter this; it simply authorizes judicial review of the Corporation's decisions as to the propriety of representation. *Anderson v. Redman*, 474 F.Supp. 511, 519 (D.Del.1979) ("The legislative history indicates that Congress intended to filter any such representation questions through the Corporation itself, reserving any judicial review to simple review of agency action."). As noted in *Anderson*, the House Report on 42 U.S.C. § 2996e(b)(1)(B) explains the reason for this rule:

"[S]ince the inception of federally funded legal service, parties to lawsuits in which the opponent is represented by a legal services program have, from time to time, sought to avoid resolution of the issues in the suit by challenging the authority of the legal services program to provide representation in the particular case or to the particular client. Courts that have been asked to rule upon such questions have been uniform in holding that such issues should not be raised in that forum.[2] The courts have said that

2. For cases before and since adoption of 42     U.S.C. § 2996e(b)(1)(B) that hold that the pro-

 

such issues should be taken up with the agency providing funding. [The amendment] is thus declaratory of existing law as it has been announced by the courts. The Committee believes that repetitive litigation of this issue is a needless drain on federal funds provided for the representation of poor people, and the section has been added to discourage further frivolous litigation of the issue."

*Id.* quoting H.R.Rep. No. 310, 95th Cong., 1st Sess., *reprinted in* 1977 U.S.Code Cong. & Ad.News 4503, 4510.

■ Because inquiries into the propriety of representation are not to be considered in or to affect the final disposition of a case in which a party is represented by a recipient legal services organization, the Court of Appeals erred when it made such an inquiry in determining whether or not to award attorneys' fees in this case. Were we to hold otherwise, the courts of this state could easily find themselves called upon to determine the propriety of representation in each and every case in which a legal services organization represents a party, and our state's legal aid organizations could find themselves compelled to anticipate and prepare to defend against any conceivable objection to its representation, whether it be on the grounds that the case is fee generating or on the grounds of client eligibility.[3] Neither our courts nor our legal services organizations have the time or resources to take on such a burden, and Congress, aware of the drain repetitive litigation of the propriety of representation would impose, clearly sought to avoid such an untoward result.

We vacate the Court of Appeals' denial of attorneys' fees and otherwise approve its decision. The case is remanded to the trial court for a determination as to the amount of fees due under the Truth-In-Lending claim.

HOLOHAN, C.J., and HAYS, CAMERON and FELDMAN, JJ., concur.

---

priety of a recipient legal services organization's representation is not a question for the courts, *see Anderson, supra; Martens v. Hall,* 444 F.Supp. 34 (S.D.Fla.1977); *Jacobs v. Board of School Comm'rs,* 349 F.Supp. 605 (S.D.Ind. 1972), *aff'd on other grounds,* 490 F.2d 601 (7th Cir.1973), *vacated on other grounds,* 420 U.S. 128, 95 S.Ct. 848, 43 L.Ed.2d 74 (1975); *Mayfield v. District Court in and for the City and County of Denver,* 182 Colo. 132, 511 P.2d 490 (1973); *Florida ex rel T.J.M. v. Carlton,* 314 So.2d 593 (Fla.Dist.App.1975); *see also, Rodriguez v. Taylor,* 569 F.2d 1231 (3d Cir.1977), *cert. denied,* 436 U.S. 913, 98 S.Ct. 2254, 56 L.Ed.2d 414 (1978).

3. For rules governing financial eligibility see 45 C.F.R. § 1611.