118 P.3d 49

**STATE of Arizona ex rel. Kerry G. WANGBERG, Phoenix City Prosecutor, Petitioner,**

v.

**The Honorable Richard M. SMITH, Judge of the Phoenix Municipal Court of the State of Arizona, in and for the County of Maricopa, Respondent Judge,**

**Judd M. Levinson, Real Party in Interest.**

**No. 1 CA–SA 05–0082.**

Court of Appeals of Arizona, Division 1, Department C.

Aug. 25, 2005.

Kerry G. Wangberg, Phoenix City Prosecutor By B. Don Taylor, Assistant City Prosecutor, Phoenix, Attorney for Petitioner.

William S. Chick, Phoenix, Attorney for Respondent, Real Party in Interest.

Derickson Law Offices By David G. Derickson, Pamela Nicholson, Phoenix, Attorneys for Amicus Curie.

1. Arizona Revised Statutes ("A.R.S.") section 28–1381(A)(1) (Supp.2004)

2. A.R.S. § 28–1381(A)(2)

## OPINION

OROZCO, Judge.

¶1 The Phoenix City Prosecutor's Office (State) brought this special action requesting reversal of the municipal court's order granting Judd Levinson (Real Party in Interest), a jury trial for misdemeanor driving under the influence (DUI). For the reasons that follow, we accept jurisdiction but deny relief.

## BACKGROUND

¶2 Levinson was arrested and charged with violating three separate misdemeanor DUI statutes: (1) DUI while impaired to the slightest degree;[1] (2) driving with a blood alcohol content of .08 or more;[2] and (3) driving with a BAC of .15 or more (Extreme DUI).[3]

¶3 The State filed the charges in the City of Phoenix Municipal Court and later amended its complaint to include a prior DUI conviction. The trial court set the matter for a jury trial and on February 14, 2005, the State filed a motion opposing the jury trial. On March 2, 2005, the trial court denied the State's motion and ruled:

> After review of the new jury eligibility test announced in *Derendal v. Griffith* . . . and the pleadings and arguments of counsel herein, this court concludes that misdemeanor DUI offenses are no longer jury eligible. However, in light of the ruling in *Myers v. Reeb,* 190 Ariz. 341, 947 P.2d 915 (App.1997), this court feels compelled to grant jury trials in DUI cases until instructed not to do so by an appellate court.

¶4 The State argues that under *Derendal v. Griffith,* 209 Ariz. 416, 104 P.3d 147 (2005), defendants charged with misdemeanor offenses, including misdemeanor DUI offenses, are no longer jury trial eligible. Levinson contends he is entitled to a jury trial because he meets the test under *Derendal,* and more importantly, the legislature specifically provided for the right to a jury trial in A.R.S. §§ 28–1381(F), –1382(C).

3. A.R.S. § 28–1382(A)

## SPECIAL ACTION JURISDICTION

 ¶ 5 Special action jurisdiction is discretionary. *State ex rel. Romley v. Martin*, 203 Ariz. 46, 47, ¶ 4, 49 P.3d 1142, 1143 (App.2002)(citing *State ex rel. Romley v. Hutt*, 195 Ariz. 256, 259, ¶ 5, 987 P.2d 218, 221 (App.1999)). Special action jurisdiction may be accepted when there is no other means of obtaining justice, *King v. Super. Ct.*, 138 Ariz. 147, 149, 673 P.2d 787, 789 (1983)(citing *Nataros v. Super. Ct. of Maricopa County*, 113 Ariz. 498, 557 P.2d 1055 (1976)), or where the issue is one of statewide importance. *Citizens Clean Elections Comm'n v. Myers*, 196 Ariz. 516, 518, ¶ 1, 1 P.3d 706, 708 (2000). Special action jurisdiction is proper when the party has no plain, adequate or speedy remedy by appeal. *Luis A. v. Bayham–Lesselyong*, 197 Ariz. 451, 453, ¶ 2, 4 P.3d 994, 996 (App.2000) (citation omitted). Whether a defendant has the right to a jury trial is an appropriate issue for special action jurisdiction. *Campbell v. Super. Ct.*, 186 Ariz. 526, 527, 924 P.2d 1045, 1046 (App. 1996) (citing *Mungarro v. Riley*, 170 Ariz. 589, 590, 826 P.2d 1215, 1216 (App.1991)). Moreover, the State has no remedy by appeal. *See* A.R.S. § 13–4032 (2001). For the above-mentioned reasons, we accept jurisdiction.

## DISCUSSION

¶ 6 In 1966, the Arizona Supreme Court in *Rothweiler v. Super. Ct.*, 100 Ariz. 37, 410 P.2d 479 (1966), adopted "a three-prong test to decide whether, with regard to a particular criminal offense, the federal or Arizona Constitution guarantee[d] the right to a jury trial." *Derendal*, 209 Ariz. at 419, ¶ 5, 104 P.3d at 149. The test required courts to analyze: "(1) the relationship of the offense to the common law crimes; (2) the severity of the statutory penalties that apply; and (3) the moral quality of the act," to determine whether a defendant is jury trial eligible. *Id.* (citing *Rothweiler*, 100 Ariz. at 42, 410 P.2d at 483).

¶ 7 Recently, in *Derendal*, the Arizona Supreme Court re-examined and modified that test. *Derendal*, 209 Ariz. 416, 104 P.3d 147. Based on the new test set forth in *Derendal*, the State requests we determine that the Arizona Constitution provides no right to a jury trial for charges of misdemeanor DUI. However, because Levinson has a statutory right to a jury trial we need not apply the constitutional analysis contained in *Derendal*.[4]

 ¶ 8 The statutes under which Levinson was charged plainly provide a right to a jury trial for the offenses if requested. They both state "the court shall inform ... [and] the defendant may request a trial by jury and that request, if made, shall be granted." *See* A.R.S. §§ 28–1381(F), –1382(C).

¶ 9 Despite this plain language, the State argues that, *Goldman v. Kautz*, 111 Ariz. 431, 432, 531 P.2d 1138, 1139 (1975), demonstrates that the legislature did not intend to grant a jury trial right to persons charged with misdemeanor DUI unless the right otherwise exists. We disagree.

¶ 10 In *Goldman*, the defendant was charged with a misdemeanor assault and battery in a criminal justice court proceeding. He alleged that he was entitled by the terms of A.R.S. § 22–320 to a trial by jury if he demanded one. A.R.S. § 22–320, which governs trial procedures in justice courts, states "[a] trial by jury shall be had if demanded by either the state or defendant...." Goldman argued that this language gave any criminal defendant in a justice court proceeding the statutory right to a jury trial on the charges regardless of whether he was otherwise entitled to a jury trial. *Goldman*, 111 Ariz. at 432, 531 P.2d at 1139. The supreme court, however, rejected Goldman's contentions and observed that the statute was a procedural one that did not, in and of itself, grant a right to a jury trial where one did not otherwise exist:

---

4. In *Derendal*, the Supreme Court held that a misdemeanor offense punishable by no more than six months incarceration is presumptively a petty offense that falls outside state constitutional guarantees of jury trial; but that presumption may be overcome if a defendant can establish that "the offense carries additional severe, direct, uniformly applied, statutory consequences"; and "moral quality" is no longer a factor in determining jury-eligibility of an offense, overruling *Rothweiler*. *Derendal*, 209 Ariz. at 424–25, 104 P.3d at 155–56.

We do not think the quoted section grants a substantive right, but, rather, was intended to be procedural and must be read as meaning that a trial by jury shall be had if demanded *in cases where a jury trial is appropriate.* If the Legislature intended to grant a jury trial in every case, it would have no doubt said so in plain, explicit language.

*Id.* (emphasis in original). Thus, the State argues that the apparent jury trial right given in similar language in the misdemeanor DUI statutes provides no jury trial right unless such a jury trial right otherwise exists. We reject this argument because it fails to distinguish between the two settings in which the language pertaining to jury trials is placed.

■ ¶ 11 As the supreme court noted, language pertaining to jury trials in a procedural statute governing jury trials in justice courts does not in and of itself create a substantive right to a jury trial. Such language did not create a right to a jury trial for any particular offense "in plain, explicit language," nor did it create a jury trial right for all offenses tried in justice courts. However, in this case, the legislature has included in the very statutes which establish and define misdemeanor DUI offenses subsections that states "the court shall inform ... [and] the defendant may request a trial by jury and that request, if made, shall be granted." A.R.S. §§ 28–1381, –1382. By doing so, the legislature clearly established "in plain, explicit language" that a substantive right to a jury trial for the statutory offenses exists. In cases where the statutory meaning is "plain and unambiguous, we apply it without resorting to other rules of statutory construction." *Dugan v. Fujitsu Business Communications Systems Inc.,* 188 Ariz. 516, 518, 937 P.2d 706, 709 (1997).[5]

¶ 12 Because the legislature has granted a right to a jury trial for misdemeanor DUI offenses, Levinson is so entitled.

5. By contrast, the state acknowledged at oral argument that its proposed interpretation of the misdemeanor DUI statutes deprives the subsections pertaining to a right to a jury trial of any meaning. In interpreting statutes, we are

**CONCLUSION**

¶ 13 For the above mentioned reasons we affirm the ruling that Levinson is entitled to a jury trial.

CONCURRING: G. MURRAY SNOW, Presiding Judge.

IRVINE, Judge, specially concurring.

¶ 14 The issue addressed in this opinion is whether the legislature provided defendants with a right to a jury trial in misdemeanor driving under the influence ("DUI") prosecutions. The State argues that the language of A.R.S. §§ 13–1381(F) and –1382(C) simply sought to direct trial courts to give defendants notice of the existing constitutional right at an early stage in the prosecution, so the language is procedural and does not confer a substantive right. Because, the State argues, *Derendal v. Griffith,* 209 Ariz. 416, 104 P.3d 147 (2005), should now be interpreted to eliminate the constitutional right to a jury trial recognized in *Rothweiler v. Superior Court (Richey),* 100 Ariz. 37, 410 P.2d 479 (1966), we should read out of the statutes the language that a "defendant may request a trial by jury and that request, if made, shall be granted."

¶ 15 Both parties to this action provide extensive history of the right to a jury trial at common law and in DUI cases. While the parties do not agree as to how *Derendal* should be applied to DUI cases, they appear to agree that jury trials have been provided in DUI prosecutions for most of the State's history. *See also Rothweiler v. Super. Ct. (Richey),* 1 Ariz.App. 334, 341, 402 P.2d 1010, 1017 (1965), *aff'd* 100 Ariz. 37, 410 P.2d 479 (1966) (finding a statutory right to a jury trial in DUI cases and declining to hold "that a legislative grant of jury trial has been repealed by innuendo."). The State also analyzes in detail the legislative history of what is now A.R.S. §§ 13–1381(F) and –1382(C), beginning with language added to the implied consent statutes in 1973. From this the State concludes that the legislature did not

obliged to give each "section meaning so that no part is rendered void, superfluous, contradictory or insignificant." *State v. Heinze,* 196 Ariz. 126, 132, ¶ 27, 993 P.2d 1090, 1093 (1999).

intend to provide a substantive right to a jury trial to DUI defendants. The problem with the State's position is that until *Derendal* the legislature had no reason to consider whether defendants had such a right because *Rothweiler* had already settled the matter. Although the State's position has some logic behind it, it is not the only reasonable interpretation of the legislature's adoption of the relevant statutory language. Indeed, our supreme court has interpreted the statutory language, albeit in dicta, as being a codification of *Rothweiler's* constitutional rule, an interpretation directly at odds with the State's.[6]

¶ 16 In essence, the State is asking for a major change in long-standing practice without any clear expression from the legislature that it wished to equate the statutory right to a jury trial in DUI cases with the supreme court's constitutional interpretation of such a

right. As the majority discusses, the language of A.R.S. §§ 13–1381(F) and –1382(C) is quite clear, and while the State presents a reasonable interpretation that explains why the legislature did not intend to create a substantive right to a jury trial in DUI cases, our interpretation of the statutes must also be influenced by the historical practice. *Derendal* may have opened the door for the legislature to act to eliminate jury trials in DUI cases, but until the legislature amends the statutes we should apply them as written.

¶ 17 Therefore, I concur that we should deny relief.

---

**6.** "Of greater importance to this discussion of state law, however, is the fact that the Arizona legislature, with one exception, has never expressed itself on the issue of jury entitlement in any of these types of cases. The exception is A.R.S. § 28–692(M) [now § 28–1381(F)], which codified the *Rothweiler* rule requiring jury trials, upon request of the defendant, in DUI cases." *State ex rel. McDougall v. Strohson*, 190 Ariz. 120, 126, 945 P.2d 1251, 1257 (1997).