IN THE COURT OF APPEALS
STATE OF ARIZONA
DIVISION TWO

FILED BY CLERK

FEB 16 2006

COURT OF APPEALS
DIVISION TWO

PAMELA MANIC,                          )
                                       )
            Petitioner/Appellee,       )
                                       )
    v.                                 )
                                       )
HONORABLE KATE DAWES, Judge of         )
the Tucson City Court of the State of  )
Arizona in and for the County of Pima, )
                                       )
            Respondent,                )
                                       )
    and                                )
                                       )
TUCSON CITY ATTORNEY'S                 )
OFFICE,                                )
                                       )
            Real Party in Interest/Appellant.  )
                                       )

2 CA-CV 2005-0128
DEPARTMENT B

O P I N I O N

APPEAL FROM THE SUPERIOR COURT OF PIMA COUNTY

Cause No. C-20051824

Honorable Frank Dawley, Judge Pro Tempore

AFFIRMED

---

David Alan Darby and Natasha Wrae                                    Tucson
                                            Attorneys for Petitioner/Appellee

Michael G. Rankin, Tucson City Attorney
  By Laura Brynwood and William F. Mills                             Tucson
                                            Attorneys for Real Party in
                                                  Interest/Appellant

---

B R A M M E R, Judge.

¶1 The state appeals from the superior court's ruling in a special action proceeding filed by appellee Pamela Manic that challenged the respondent Tucson city magistrate's order denying Manic a jury trial. The court held that, as a defendant in a misdemeanor driving under the influence of an intoxicant (DUI) case, Manic has the right to a jury trial. We agree and affirm the ruling.

**Factual and Procedural Background**

¶2 Manic was cited in May 2004 for two violations of A.R.S. § 28-1381, driving or being in actual physical control of a vehicle while under the influence of an intoxicant or while impaired to the slightest degree and having a blood alcohol concentration (BAC) of .08 or more within two hours of driving or being in physical control of a vehicle. The case proceeded in the Tucson City Court.

¶3 Before the date scheduled for Manic's trial, our supreme court decided *Derendal v. Griffith*, 209 Ariz. 416, 104 P.3d 147 (2005), that arguably overruled its holding in *Rothweiler v. Superior Court*, 100 Ariz. 37, 410 P.2d 479 (1966), that misdemeanor DUI defendants have a constitutional right to a jury trial. The respondent magistrate, after a hearing and relying on *Derendal*, ruled that Manic did not have the right to a jury trial. The magistrate ruled that misdemeanor DUI had no common law antecedent and that the penalty imposed for committing the offense was insufficient to overcome the presumption that persons charged with committing petty offenses do not have the right to trial by jury. Additionally, the respondent magistrate found, relying on *Goldman v. Kautz*, 111 Ariz. 431,

2

531 P.2d 1138 (1975), that neither A.R.S. §§ 28-1381(F) nor 28-1382(C) created a right to a jury trial,[1] because those statutes are procedural in nature.

¶4　　　Manic and a number of other DUI defendants filed a special action in Pima County Superior Court challenging the respondent magistrate's ruling. The superior court reversed the ruling. Although the superior court agreed that DUI offenses have no common law antecedent, it determined that *Derendal* had not overruled *Rothweiler*'s holding that the Arizona Constitution guarantees misdemeanor DUI defendants the right to a jury trial. Because the parties "requested a complete ruling for review purposes," the superior court also held that § 28-1381(F) provides a separate statutory right to a jury trial in DUI cases. This appeal followed.

**Discussion**

¶5　　　The state first contends that, because DUI offenses have no common law antecedent, there is no right to a jury trial for DUI defendants under article II, § 23 of the Arizona Constitution or the Sixth Amendment of the United States Constitution. Manic correctly points out, however, that the superior court ruled in the state's favor on this issue and that she did not cross-appeal from that ruling. Therefore, the state is not an aggrieved party on this issue, s*ee* Rule 1, Ariz. R. Civ. App. P., 17B A.R.S.; *see also* Rule 9, Ariz. R. Civ. App. P. (governing cross-appeals), and we do not address this argument.

---

[1]Section 28-1381(F) is the statute at issue here. However, § 28-1382, which makes extreme DUI an offense, contains the same language in subsection (C).

3

¶6        In *Rothweiler*, our supreme court ruled, based on article II, § 24 of the Arizona Constitution, that misdemeanor DUI defendants have the right to a jury trial. 100 Ariz. at 45, 410 P.2d at 485. The court adopted a three-part test for determining when an offense was a petty offense that did not warrant a jury trial, considering: 1) the severity of the penalty; 2) the moral quality of the act; and 3) the act's relation to common law crimes. *Id*. at 42, 410 P.2d at 483. Finding that DUI had no relation to common law petty offenses, the supreme court based its ruling on its analysis of the first two parts of the test. *Id*. at 43-44, 410 P.2d at 484-85.

¶7        In *Derendal*, the court modified the *Rothweiler* test by eliminating the "moral quality" part. 209 Ariz. 416, ¶ 32, 104 P.3d at 155. The court also ruled that any offense punishable by no more than six months' imprisonment is presumptively a petty offense for which there is no constitutional right to a jury trial. *Id*. ¶ 21. But that presumption, it held, may be overcome if a defendant can establish that "the offense carries additional severe, direct, uniformly applied, statutory consequences." *Id*. ¶ 37. The state contends that *Derendal* creates a more stringent test for judging the severity of punishment and that the penalties for misdemeanor DUI do not meet the new criteria.

¶8        Although the superior court ruled on the article II, § 24 constitutional question and included analysis of the DUI statutes only for the purposes of a "complete ruling," we address only the meaning of § 28-1381(F) and not the constitutional claim. *See State v. Yslas*, 139 Ariz. 60, 63, 676 P.2d 1118, 1121 (1984) ("[W]e do not determine constitutional issues unless a decision is necessary to determine the merits of the action.").

4

¶9        The state contends that § 28-1381(F) does not create a right to a jury trial and, instead, is procedural in nature, merely giving a defendant notice of existing rights. We review issues of statutory construction de novo. *Rowland v. Kellogg Brown & Root, Inc.*, 210 Ariz. 530, ¶ 5, 115 P.3d 124, 126 (App. 2005). Section 28-1381(F) reads: "At the arraignment, the court shall inform the defendant that the defendant may request a trial by jury and that the request, if made, *shall be granted*."[2] (Emphasis added.) After our supreme court's ruling in *Derendal*, Division One of this court held that § 28-1381(F) plainly and unambiguously created "a substantive right to a jury trial." *State v. Smith*, 211 Ariz. 101, ¶ 11, 118 P.3d 49, 52 (App. 2005). We agree.

¶10        The state argues that *Goldman v. Kautz*, 111 Ariz. 431, 531 P.2d 1138 (1975), requires a different result. In that case, our supreme court analyzed A.R.S. § 22-320, which addresses pretrial and trial procedures for justice courts. Section 22-320 reads: "A trial by jury shall be had if demanded by either the state or defendant. Unless the demand is made before commencement of the trial, a trial by jury shall be deemed waived." The supreme court held that § 22-320 did not create a substantive right to a jury trial, but instead, "was

---

[2]The legislative history surrounding the adoption of § 28-1381(F) is somewhat complex. The jury trial language first appeared in 1973 as part of the implied consent statute, A.R.S. § 28-691. 1973 Ariz. Sess. Laws, ch. 150, § 1. The language was removed from the implied consent statute in 1990 and inserted into the substantive DUI statute, then A.R.S. § 28-692. 1990 Ariz. Sess. Laws, ch. 375, §§ 7, 8. In 1995, Title 28 was completely revised, 1995 Ariz. Sess. Laws, ch. 132, § 1, and the relevant language was included in the new substantive DUI statute, A.R.S. § 28-2881, 1995 Ariz. Sess. Laws, ch. 132, § 3, which was renumbered in 1996 to § 28-1381. 1996 Ariz. Sess. Laws, ch. 76, § 3.

intended to be procedural and must be read as meaning that a trial by jury shall be had if demanded in cases where a jury trial is appropriate." 111 Ariz. at 432, 531 P.2d at 1139.

¶11 The *Goldman* court also stated: "If the Legislature intended to grant a jury trial in every case, it would have no doubt said so in plain, explicit language." *Id*. The state contends that, to create a substantive right to a jury trial, the legislature must do so in "plainer and clearer" language than that found in § 22-320, and the language of § 28-1381(F) is insufficient to create a substantive jury trial right. We disagree.

¶12 Section 22-320 provides that if a defendant does not request a jury trial before trial begins, the right is waived. Generally, waiver of a jury trial does not occur by default, but must be made knowingly and intelligently. *State v. Jelks*, 105 Ariz. 175, 177, 461 P.2d 473, 475 (1969) (right to jury trial must be voluntarily and intelligently waived); Ariz. R. Crim. P. 18.1, 17 A.R.S. Section 28-1381(F) contains no waiver provision and requires the court to inform the defendant that he or she may request a trial by jury, a requirement absent from § 22-320. The notice requirement of § 28-1381(F) parallels the requirement of Rule 18.1 that a waiver must be knowing and intelligent, which suggests the legislature intended in enacting § 28-1381(F) to create a statutory right to a jury trial that parallels the constitutional right to a jury trial. *See Rothweiler*, 100 Ariz. at 47, 410 P.2d at 486.

¶13 Moreover, as Division One pointed out in *Smith*, § 22-320 governs trial procedures in justice court, while § 28-1381 is a substantive statute that "establish[es] and define[s] misdemeanor DUI offenses." 211 Ariz. 101, ¶ 11, 118 P.3d at 52. The placement of § 28-1381(F) in the substantive statute rather than in a set of procedural statutes further

6

distinguishes this case from *Goldman*. Additionally, as opposed to the general application of § 22-320 to all misdemeanor crimes in justice court, § 28-1381 deals with but a single crime.

¶14    The state insists that analysis of the legislative history of § 28-1381(F) shows why *Goldman* applies. When the language of a statute is unambiguous, however, it is "conclusive, absent clearly expressed legislative intent to the contrary." *Mail Boxes, Etc., v. Indus. Comm'n*, 181 Ariz. 119, 121, 888 P.2d 777, 779 (1995).

¶15    The state contends that, because the language of § 28-1381(F) first appeared in the implied consent statute enacted in 1973, instead of in the DUI statute itself, it only served to give defendants notice of various rights and procedures at arraignment, but granted no substantive rights. *See* 1973 Ariz. Sess. Laws, ch. 150, § 1. The language at issue was added in 1990 to the substantive DUI statute, then A.R.S. § 28-692. 1990 Ariz. Sess. Laws, ch. 375, § 8.

¶16    Had the language in question remained in a notice statute, we might conclude that *Goldman* renders it procedural. However, the legislature chose to insert that language into the substantive DUI statute. "[W]hen the legislature amends a statute we must presume [it] intended to change existing law rather than perform a futile act." *Lake Havasu City v. Mohave County*, 138 Ariz. 552, 558, 675 P.2d 1371, 1377 (App. 1983). The legislature's inserting the jury trial language into the substantive provisions of the DUI statutory scheme lends support to our conclusion that it intended to provide a substantive right in light of *Goldman*'s ruling on § 22-320. That the legislature inserted into the substantive DUI statute

7

only the provision granting jury trials and not the remainder of the language of the implied consent statute further indicates it intended to create a substantive right. We see no "clearly expressed legislative intent" suggesting otherwise, nor any evidence sufficient to overcome the unambiguous language of the statute. *See Mail Boxes, Etc.*, 181 Ariz. at 121, 888 P.2d at 779.

¶17 The state also argues that, when the legislature moved the jury trial language to the substantive DUI statute in 1990, it could have clarified the language in response to *Goldman*, and its failure to do so "implies it had no such intent." As discussed above, however, the language in question was already more explicit than that of § 22-320 because it more closely paralleled the constitutional language on the right to a jury trial. That the legislature did not clarify it further implies nothing, nor does it mean the language the legislature chose is insufficient. Moreover, legislative intent sufficient to overcome unambiguous statutory language must be more than implied; it must be clearly expressed. *See Mail Boxes, Etc.*, 181 Ariz. at 121, 888 P.2d at 779.

¶18 The state further contends that, because the legislature is presumed to know existing law when it enacts or modifies a statute, it could not have intended to create a substantive right to a jury trial because *Rothweiler* had already declared the right existed. *See State v. Garza-Rodriguez*, 164 Ariz. 107, 111, 791 P.2d 633, 637 (1990) ("We presume that the legislature knows the existing laws when it enacts or modifies a statute."). The state reasons, therefore, that the enactment of § 28-1381(F) was superfluous. *See Phoenix*

8

*Newspapers, Inc. v. Dep't of Corrections*, 188 Ariz. 237, 244, 934 P.2d 801, 808 (App. 1997) ("[W]e presume that the legislature does not enact superfluous or reiterative legislation.").

¶19 The authorities the state cited, however, only address situations in which the legislature has enacted a statute that may be superfluous to existing statutes rather than superfluous to existing case law, and we have found no authority that addresses that issue.[3] Indeed, it is not unusual for the legislature to codify existing case law, and it has done so with regularity. *See, e.g., State v. Barreras*, 181 Ariz. 516, 520, 892 P.2d 852, 856 (1995) (statute codifies case holding on access to psychiatric evaluations for capital sentencing determinations); *Stewart v. Mutual of Omaha Ins. Co.*, 169 Ariz. 99, 103, 817 P.2d 44, 48 (App. 1991) (statute codifies court decisions on proof required to prove legal fraud). Also, codification of the *Rothweiler* rule is not, in fact, superfluous; the statute adds a notice requirement not included in *Rothweiler*'s ruling and, further, gives the right a statutory basis not dependent on the constitutional underpinnings of *Rothweiler*. Moreover, although in dictum, our supreme court has described the DUI statute as "codif[ying] the *Rothweiler* rule requiring jury trials." *State ex rel. McDougall v. Strohson*, 190 Ariz. 120, 126, 945 P.2d 1251, 1257 (1997).

¶20 Lastly, the state argues that the legislature failed to comply with article IV, pt. 2, § 13 of the Arizona Constitution when it inserted the language from the implied consent

---

[3]The state cites *Phoenix Newspapers, Inc. v. Department of Corrections*, 188 Ariz. 237, 244, 934 P.2d 801, 808 (App. 1997) (construing two statutes) and *Patterson v. Maricopa County Sheriff's Office*, 177 Ariz. 153, 156, 865 P.2d 814, 817 (App. 1993) (construing elements of same statute).

statute into the DUI statute. Article IV, pt. 2, § 13 requires every legislative act to "embrace but one subject and matters properly connected therewith." It also requires the subject to "be expressed in the title" and declares that, if an act includes a subject not expressed in the title, the missing portion of the act is void. The state contends that, because the title of House Bill 2433, which included amendments to a number of statutes and added the jury trial language, did not state it was creating a statutory right to a jury trial, then the portion of the bill doing so must be void. *See* 1990 Ariz. Sess. Laws, ch. 375.

¶21        The purpose of article IV, pt. 2, § 13, known as the single subject rule, is to prevent "the practice of 'logrolling', or the combining of disparate minorities into a majority through a combination of unrelated legislative goals in a single bill [and] to prevent the evils of omnibus bills, surreptitious and 'hodgepodge' legislation." *Litchfield Elementary Sch. Dist. No. 79 v. Babbitt*, 125 Ariz. 215, 223-24, 608 P.2d 792, 800-01 (App. 1980). When examining whether an act complies with the single subject provision, we construe the questioned legislation liberally in favor of finding it constitutional." *See id*. at 224, 608 P.2d at 801. "[T]he title to an act need not be a complete index to its contents," and a provision need only "directly or indirectly relate[] to the subject of the title and hav[e] a natural connection therewith" or be "germane to the subject expressed in the title" to be constitutional. *State v. Harold*, 74 Ariz. 210, 214-15, 246 P.2d 178, 180 (1952). Further, we must be convinced beyond a reasonable doubt that the constitutional provision has been violated before we will declare it void. *Id*. at 215, 246 P.2d at 180-81.

10

¶22 The state contends, however, that because House Bill 2433 only amended existing law and the title particularized the changes made, "'the legislation is [therefore] limited to the matters specified [in the title] and anything beyond them is void, however germane it may be to the subject of the original act,'" *quoting State v. Sutton*, 115 Ariz. 417, 420, 565 P.2d 1278, 1281 (App. 1977). The state's argument assumes that the implied consent statute enacted in 1973 did not create a statutory right to a jury trial because, if it did, then there would have been no change in existing law for the title of House Bill 2433 to reflect. *See Hoyle v. Superior Court*, 161 Ariz. 224, 231, 778 P.2d 259, 266 (App. 1989) (if amendment does not change existing law, then title need not give notice of amendment). But, because we find House Bill 2433 did not violate the single subject provision and definitively creates a substantive right to a jury trial, we need not decide whether the 1973 implied consent law created the right.

¶23 Although the state describes House Bill 2433 as an amendment and although the title stated the act amended the substantive DUI statute, the title also stated that the bill prescribes the offenses of driving under the influence of an intoxicant. 1990 Ariz. Sess. Laws ch. 375. That portion of the title gave notice that those provisions could also prescribe rights and defenses directly associated with those offenses. *See Dennis v. Jordan*, 71 Ariz. 430, 439, 229 P.2d 692, 698 (1951) (acts prescribing rights and duties may include punishment even if not included in title); *State v. Dixon*, 127 Ariz. 554, 558, 622 P.2d 501, 508 (App. 1980) (rights related to trial by jury not included in title of act are reasonably part of criminal code). The act's title gave sufficient notice of its subject matter, and the

11

provision granting a trial by jury in DUI cases is certainly germane to an act prescribing DUI offenses. We find no evidence of the evils that the single subject provision is intended to prevent; there is no "logrolling" or "surreptitious legislation" contained in House Bill 2433. Accordingly, it does not run afoul of the single subject requirement. *See Litchfield Elementary Sch. Dist.*, 125 Ariz. at 223-24, 608 P.2d at 800-01.

**¶24**        We affirm the superior court's ruling.

_____

J. WILLIAM BRAMMER, JR., Judge

CONCURRING:

_____

PETER J. ECKERSTROM, Presiding Judge

_____

PHILIP G. ESPINOSA, Judge