IN THE COURT OF APPEALS
STATE OF ARIZONA
DIVISION TWO


FILED BY CLERK

APR 30 2008

COURT OF APPEALS
DIVISION TWO

MICHAEL REDHAIR,                          )
                                          )
                    Plaintiff/Appellant,  )          2 CA-CV 2007-0107
                                          )          DEPARTMENT B
        v.                                )
                                          )          O P I N I O N
KINERK, BEAL, SCHMIDT, DYER &             )
SETHI, P.C., an Arizona professional      )
corporation,                              )
                                          )
                    Defendant/Appellee.   )
                                          )

APPEAL FROM THE SUPERIOR COURT OF PIMA COUNTY

Cause No. C20064653

Honorable Michael Alfred, Judge
Honorable Michael O. Miller, Judge

AFFIRMED

Mesch Clark & Rothschild, P.C.
  By Patrick J. Lopez                                              Tucson
                                          Attorneys for Plaintiff/Appellant


Rusing & Lopez PLLC
  By Michael J. S. Rusing                                          Tucson


    and


Steptoe & Johnson LLP
  By Bennett Evan Cooper and Douglas D. Janicik                    Phoenix
                                          Attorneys for Defendant/Appellee

E C K E R S T R O M, Presiding Judge.

**¶1**          Appellant Michael Redhair appeals from the trial court's dismissal of his complaint, in which he asserted claims for breach of contract, unpaid wages, and promissory estoppel against appellee Kinerk, Beal, Schmidt, Dyer & Sethi, P.C. (hereinafter "the firm"). The trial court granted the firm's motion to dismiss, finding Redhair had failed to file his claims within the one-year statute of limitations applicable to employment contracts. *See* A.R.S. § 12-541(3). He argues his claims involving an unpaid bonus were not subject to the one-year limitation period because the definition of "employment contract" in that statute is limited to claims falling under the Arizona Employment Protection Act. He also argues his claim for unpaid wages is based on a liability created by a penalty statute so that an alternative one-year statute of limitations for "liability created by statute, other than a penalty or forfeiture," A.R.S. § 12-541(5), is not applicable. For the following reasons, we affirm the judgment.

**¶2**          When reviewing a trial court's decision to grant a motion to dismiss, "we assume the truth of the allegations set forth in the complaint and uphold dismissal only if the plaintiffs would not be entitled to relief under any facts susceptible of proof in the statement of the claim." *Mohave Disposal, Inc. v. City of Kingman*, 186 Ariz. 343, 346, 922 P.2d 308, 311 (1996). Thus, for purposes of the issues we address here, we accept the complainant's factual allegations as follows.

**¶3** Redhair was employed as an associate attorney for the firm when his father referred a medical malpractice case to him. Redhair presented the case to the managing partner of the firm, and the firm accepted the case in December 2000. The managing partner offered to pay Redhair's father a referral fee. Redhair's father instead asked the firm to pay the referral fee to Redhair as a bonus. The firm proposed the same to Redhair and he accepted. Although much of the medical malpractice case was litigated during Redhair's tenure with the firm, the firm did not receive its $2 million fee for the case until December 2004, after Redhair had left the firm and started his own practice. The firm has never paid the bonus to Redhair.

**¶4** Redhair filed a complaint in August 2006 for breach of contract, recovery of wages, and promissory estoppel.[1] The firm moved to dismiss the complaint, arguing Redhair's claims were subject to the one-year limitations periods set forth in § 12-541(3) and (5). The court found all his claims precluded by § 12-541(3) as "concerning an oral contract of employment." It dismissed the complaint with prejudice, and this appeal followed.

---

[1] Redhair provides no supporting argument for his cursory contention that the court erred in dismissing his claim for promissory estoppel. Therefore, we do not address it. *See* Ariz. R. Civ. App. P. 13(a)(6); *Lohmeier v. Hammer*, 214 Ariz. 57, n.5, 148 P.3d 101, 108 n.5 (App. 2006) (declining to address issue when appellants "failed to develop the argument on appeal").

**BREACH OF CONTRACT**

**¶5** Redhair argues the trial court erred by interpreting the oral agreement as an employment contract under § 12-541(3).[2] We review de novo a trial court's decision to grant a motion to dismiss that involves statutory interpretation. *Harris v. Cochise Health Sys.*, 215 Ariz. 344, ¶ 24, 160 P.3d 223, 230 (App. 2007).

**¶6** Section 12-541(3) creates a one-year statute of limitations in actions "[f]or breach of an oral or written employment contract including contract actions based on employee handbooks or policy manuals that do not specify a time period in which to bring an action." When interpreting a statute, if its "language is unambiguous, we give effect to the language and do not use other rules of statutory construction in its interpretation." *Maycock v. Asilomar Dev., Inc.*, 207 Ariz. 495, ¶ 24, 88 P.3d 565, 570 (App. 2004); *US West Commc'ns, Inc. v. City of Tucson*, 198 Ariz. 515, ¶ 12, 11 P.3d 1054, 1059 (App. 2000). In doing so, we give effect to each "word, phrase, clause, and sentence . . . so that no part of the statute will be void, inert, redundant, or trivial." *Walker v. City of Scottsdale*,

---

[2]Redhair argues the statute of limitations applicable to all his claims is A.R.S. § 12-543(1), which provides a three-year limitation period in actions "[f]or debt where the indebtedness is not evidenced by a contract in writing." To support this argument, he relies on the principle that "if there is doubt as to which of two limitations periods should apply, courts generally apply the longer." *Gust, Rosenfeld & Henderson v. Prudential Ins. Co. of Am.*, 182 Ariz. 586, 590, 898 P.2d 964, 968 (1995). However, here, as will be discussed, there is no doubt that the one-year limitation period applies to Redhair's claims. *See Sato v. Van Denburgh*, 123 Ariz. 225, 227, 599 P.2d 181, 183 (1979) (recognizing general principle but applying shorter statute of limitations based on "facts as alleged in the instant case"); *see also La Canada Hills Ltd. P'ship v. Kite*, 217 Ariz. 126, ¶ 9, 171 P.3d 195, 198 (App. 2007) (specific statute of limitations governs over general).

163 Ariz. 206, 210, 786 P.2d 1057, 1061 (App. 1989). Nor will we read into the statute "something which is not within the manifest intent of the legislature as indicated by the statute itself." *City of Tempe v. Fleming*, 168 Ariz. 454, 457, 815 P.2d 1, 4 (App. 1991).

¶7 Here, the trial court understood the term "employment contract" as used in § 12-541(3) to encompass the circumstances at issue, categorizing the dispute as one concerning a term of an oral contract of employment. This comports with the ordinary meaning of the term: a "contract between an employer and employee in which the terms and conditions of employment are stated." *Black's Law Dictionary* 321 (7th ed. 1999); *see also State v. Wise*, 137 Ariz. 468, 470 n.3, 671 P.2d 909, 911 n.3 (1983) (approving use of dictionary to determine ordinary meaning).

¶8 By suing the firm for breach of contract based on the firm's alleged refusal to honor the agreement to pay the bonus, Redhair essentially concedes the agreement was a contract. However, he contends it is not an "employment contract" pursuant to § 12-541(3) because subsection (3) was added to § 12-541 by Senate Bill 1386, which also enacted the Arizona Employment Protection Act (AEPA), A.R.S. §§ 23-1501 through 23-1502. *See* 1996 Ariz. Sess. Laws, ch. 140, §§ 2, 3.[3] Accordingly, he argues, § 12-541(3) only applies to "agreements affecting a term of employment or altering or limiting the at-will presumption from which an employee could state a claim for termination of employment pursuant to

_____

[3]The current § 23-1501 was originally enacted as A.R.S. § 23-2501 and subsequently renumbered pursuant to A.R.S. § 41-1304.02.

A.R.S. § 23-1501(3)(a)." Applying that interpretation of § 12-541(3), Redhair contends the type of agreement at issue here, an "agreement[] arising in the employment context concerning . . . bonus compensation," is "outside the scope of the AEPA and A.R.S. § 12-541 since [it is] not [an] 'employment contract[]' for a specific term of employment or that otherwise alter[s] or limit[s] the at-will presumption."

¶9 We do not read § 12-541(3) so narrowly for several reasons. First, that subsection expressly applies to both oral and written employment contracts, while § 23-1501(2) describes only contracts in writing. *See* § 23-1501(2) (repeatedly discussing requirement of "written contract"). Thus, interpreting the term "employment contract" in § 12-541(3) to encompass only those contracts described by § 23-1501(2) would render the portion of § 12-541(3) referring to "oral" contracts a nullity. *See Walker*, 163 Ariz. at 210, 786 P.2d at 1061 (in construing statute, effect must be given to every word). And, had our legislature intended to limit the meaning of the term "employment contract" as Redhair suggests, we presume it would have done so expressly, either by cross-referencing § 23-1501(2) or by adding limiting language to the statute. *See Yarbrough v. Montoya-Paez*, 214 Ariz. 1, ¶ 14, 147 P.3d 755, 759 (App. 2006) (collecting cases emphasizing presumption that if legislature intends to limit a statute, it does so clearly and expressly).

¶10 We also find guidance in the statute's location. Rather than including the limitation period for an "employment contract" in Title 23 with the remainder of the AEPA, the legislature chose to add that provision to an existing statute that provides a one-year

limitation period for other types of actions.[4] *See Manic v. Dawes*, 213 Ariz. 252, ¶ 16, 141 P.3d 732, 735 (App. 2006) (legislature's insertion of notice-of-right-to-jury-trial language into substantive driving-under-the-influence-of-intoxicant statute demonstrated legislative intent); *cf. Hughes v. Jorgenson*, 203 Ariz. 71, ¶ 11, 50 P.3d 821, 823 (2002) (acknowledging principle of statutory construction that statutory scheme is considered as a whole to determine legislative intent).

¶11        As Redhair correctly emphasizes, the legislature set forth the one-year limitation period for breach of an "employment contract," § 12-541(3), in a bill containing other provisions that focus on the "severability of employment relationships," as set forth in § 23-1501. *See* 1996 Ariz. Sess. Laws, ch. 140, §§ 2, 3. From that, we can reasonably infer that the legislature amended § 12-541 *in part* to provide a time limitation for filing a claim arising under § 23-1501. But Redhair can direct us to no language in § 12-541(3) demonstrating that this was the exclusive purpose of § 12-541(3), and the legislature is entitled to address more than one public policy concern in a bill. As discussed, the express language of § 12-541(3) applying its terms to oral employment contracts, a species of

---

[4]Redhair relies on *Pleak v. Entrada Property Owners' Ass'n*, 205 Ariz. 471, ¶ 7, 73 P.3d 602, 605 (App. 2003), *aff'd*, 207 Ariz. 418, 87 P.3d 831 (2004), for the proposition that we can "limit the scope of an otherwise unambiguous statute." However, the *Pleak* court simply stated we could so limit a statute "to conform to the statutory scheme in which the statute is found." *Id.* Here, as noted, § 12-541(3) is not currently found in the AEPA, so the principle announced in *Pleak* is inapplicable.

employment contract not addressed in § 23-1501, demonstrates that the legislature intended the scope of the former statute to extend beyond the concerns addressed in the latter.

¶12    We agree with the broader contention urged by Redhair—that the bill within which § 12-541(3) was promulgated primarily addressed the circumstances under which discharging an employee may be legally actionable. *See* 1996 Ariz. Sess. Laws, ch. 140, §§ 1, 3 (statement of intent addressing actionable wrongful discharge of employee in context of *Wagenseller v. Scottsdale Memorial Hospital*, 147 Ariz. 370, 710 P.2d 1025 (1985), and focus of § 23-1501 on "severability of employment relationships").[5] However, the bill also included a limitation provision in subsection (4) of § 12-541, setting a deadline for filing actions "for damages for wrongful termination." Thus, when the legislature chose different, broader language in § 12-541(3), applying that subsection's limitation period to employment contracts generally, it must have intended to reach a different, broader range of actions. Had it intended § 12-541(3) to apply only in the context of employment termination actions, as Redhair argues the context of the bill suggests, the legislature was aware of the language necessary to achieve that end because it had used such specific language in § 12-541(4). *See Ariz. Bd. of Regents v. State ex rel. Pub. Safety Ret. Fund Manager & Adm'r*, 160 Ariz. 150, 157, 771 P.2d 880, 887 (App. 1989) ("Where the legislature has specifically used a term in certain places within a statute and excluded it in another place, courts will not read

_____

[5]*See Cronin v. Sheldon*, 195 Ariz. 531, ¶¶ 25-26, 991 P.2d 231, 237 (1999) (finding parts of preamble to AEPA unconstitutional).

8

that term into the section from which it was excluded."). Thus, we must reject Redhair's contention that § 12-541(3) was intended to apply only to claims of wrongful termination or discharge.

¶13 Nor does it produce an illogical result to apply the limitation period set forth in § 12-541(3), consistent with its plain meaning, to employment contracts generally. Our legislature has repeatedly determined that employment claims should be governed by relatively short statutes of limitation. *See, e.g.*, A.R.S. § 23-356(A) (administrative alternative to A.R.S. § 23-355; must file claim with labor department within one year after claim accrues); A.R.S. § 23-341(F) (six-month limitation period in action for equal pay); A.R.S. § 38-602(A) (state and county officials must bring claims for unpaid salary within ninety days after salary due); A.R.S. § 23-1061(A), (B) (workers' compensation claims must be brought within one year of injury). And, the rationale for a shorter limitation period has been considered especially important in the context of an alleged oral employment agreement, a specific topic area addressed by § 12-541(3). *See Miller v. Int'l Harvester Co.*, 811 F.2d 1150, 1152 (7th Cir. 1987) ("The obvious reason for a short statute of limitations for disputes over terms, conditions, and privileges of employment not based on a written contract is that it is too easy for an employee to make claims against his employer based on alleged oral understandings and too hard for the employer to disprove these claims when they relate to the remote past.").

**¶14** In essence, through a variety of arguments, Redhair asks us to find in the statute an implied intent that is contrary to the unambiguous statutory language, which we cannot do in the absence of a more clearly expressed legislative intent to qualify that language.[6] *See Manic*, 213 Ariz. 252, ¶ 17, 141 P.3d at 735 ("[L]egislative intent sufficient to overcome unambiguous statutory language must be more than implied; it must be clearly expressed."). We thus find no error in the trial court's application of § 12-541(3) so as to include all contracts defining specific responsibilities of the employer to the employee.

**¶15** Redhair contends that, even under the broad application of the limitation period we have adopted, the agreement here would not be covered because "employment or continued employment [was] not at issue" when the firm allegedly agreed to pay the bonus. In oral argument before this court, Redhair asserted that the bonus agreement was unique and unrelated to his employer/employee relationship because he was entitled to payment regardless of his future actions as an employee of the firm. We cannot agree with that characterization of Redhair's cause of action for several reasons.

**¶16** First, employers' promises to pay bonuses, including those offered as a reward for specific undertakings or achievements to the benefit of the employer, are not as unique as Redhair suggests. Rather, as our legislature has recognized, such agreements are a

---

[6]We acknowledge that some commentators have reached a different conclusion. *See* Thomas M. Rogers & David F. Gomez, *All Employment Contracts Are Not Created Equal: Arizona's One-Year Statute of Limitations*, 43 *Ariz. Att'y* 34 (Mar. 2007) (interpreting § 12-541(3) to apply only to employment contracts specifying duration or right to terminate employment).

common form of employee compensation. *See* A.R.S. § 23-350(5) (expressly including "bonuses" as form of "wages" in code chapter addressing "Employment Practices and Working Conditions").

¶17 Second, although Redhair's father was a crucial player in the transaction, the agreement upon which Redhair bases this cause of action, according to Redhair's own complaint, was between Redhair and the firm. And Redhair does not dispute that the firm was his employer, and that he was its employee, at the time of that agreement. Nor could Redhair dispute that the agreement related directly to the purpose for which the firm had hired him as an employee—to secure clients who have suffered an injury and represent them in litigation. Indeed, Redhair acknowledged during oral argument that the firm likely hired him in part because of his ability to attract clients to the firm through his father.

¶18 Third, Redhair's complaint itself asserts that he viewed the alleged bonus agreement as integrally related to his employment with the firm. He claims he detrimentally relied on the firm's promise to pay the bonus because he "worked more hours on the . . . [c]ase than any other lawyer" in the firm. And, he maintains that he "decided not to leave [the] firm" earlier because of the firm's promise to pay the bonus. Moreover, within the complaint, he repeatedly refers to the bonus as "compensation" and, by articulating a claim pursuant to § 23-355, implicitly characterizes the bonus as "unpaid wages."

¶19 Thus, Redhair's cause of action, as he himself describes it, does not support his contention that the agreement was unrelated to either the nature, conditions, or duration

11

of his continued employment. We therefore conclude the trial court correctly understood the cause of action here as asserting a breach of an oral employment agreement in the context of the case referred.

**UNPAID WAGES**

¶20 The trial court also found § 12-541(3) applied to Redhair's claims for unpaid wages pursuant to § 23-355 because that claim "concern[ed] an oral contract of employment." Redhair argues the trial court erred in so concluding. Although he contends all his claims are governed by the three-year limitation period for a debt not in writing, A.R.S. § 12-543(1), he also argues his claim for unpaid wages is more properly viewed as "a statutory cause of action" than as a claim for breach of an employment contract. Actions based on a statutorily created liability are governed by the one-year limitation of § 12-541(5).

¶21 We review de novo a motion to dismiss involving statutory interpretation. *Harris v. Cochise Health Sys.*, 215 Ariz. 344, ¶ 24, 160 P.3d 223, 230 (App. 2007). When determining what statute of limitations to apply, "we look to the nature of the cause of action or of the right sued upon and not the form." *Atlee Credit Corp. v. Quetulio*, 22 Ariz. App. 116, 117, 524 P.2d 511, 512 (1974). By that standard, both § 12-541(3) and (5) arguably apply to Redhair's cause of action for unpaid wages. In the context of an application for attorney fees by a prevailing party on an unpaid-wages claim, our supreme court has found that fees may be recovered under A.R.S. § 12-341.01(A), which allows the

12

court to award fees "[i]n any contested action arising out of a contract." *See Abrams v. Horizon Corp.*, 137 Ariz. 73, 80, 669 P.2d 51, 58 (1983). In another case, the court has implied that an unpaid-wages claim must be predicated on an enforceable agreement to pay wages. *See Schade v. Diethrich*, 158 Ariz. 1, 11, 760 P.2d 1050, 1060 (1988) (suggesting that lost-wages claims may not be based on mere promissory estoppel). Thus, our jurisprudence suggests that an unpaid-wages claim arises from, and is predicated upon, a written or oral contract of employment.

¶22      Characterizing his lost-wages claim instead as a "statutory bad-faith claim," Redhair observes correctly that the claim is created by § 23-355 and therefore is a "statutory cause of action." And Arizona courts have held, without discussion, that the one-year statute of limitations set forth in § 12-541(5) for "liabilit[ies] created by statute" applies to claims brought under various statutory schemes, including a claim for unpaid wages pursuant to § 23-355. *See McKinley v. Town of Fredonia*, 140 Ariz. 189, 190, 680 P.2d 1250, 1251 (App. 1984) (applying § 12-541(5) without discussion to claim for unpaid wages under § 23-355);[7] *see also Sparks v. Republic Nat'l Life Ins. Co.*, 132 Ariz. 529, 541, 647 P.2d 1127, 1139 (1982) (agreeing with argument that action for liability under insurance code barred by § 12-541(5)).

---

[7]Section 12-541(5) was § 12-541(3) until it was renumbered in 1996. *See* 1996 Ariz. Sess. Laws, ch. 140, § 2.

13

¶23 Essentially acknowledging that the one-year limitation for filing statutory causes of actions, § 12-541(5), would therefore facially apply, Redhair maintains his claim creates a liability based on a penalty, which would be excluded from that provision. Section 23-355, upon which Redhair's lost-wages claim was based, provides as follows: "If an employer . . . shall fail to pay wages due any employee, such employee may recover in a civil action against an employer or former employer an amount which is treble the amount of the unpaid wages." Section 12-541(5) sets forth a one-year limitation period for actions based "[u]pon a liability created by statute, other than a penalty or forfeiture." Because we conclude that the potential treble-damage remedy for a lost-wages claim does not transform that claim into a liability based on a "penalty," and because Redhair's lost-wages claim would therefore have expired in one year under either § 12-541(3) or § 12-541(5), we need not determine which of the two provisions would more specifically apply to Redhair's claim. *See La Canada Hills Ltd. P'ship v. Kite*, 217 Ariz. 126, ¶ 9, 171 P.3d 195, 198 (App. 2007) (more specific statute of limitations applies over more general if two statutes potentially apply to claim).

¶24 This court has addressed the precise question whether a statutory liability is based on a penalty and is therefore outside the reach of § 12-541(5). *See Gulf Homes, Inc. v. Gonzales*, 139 Ariz. 1, 6, 676 P.2d 635, 640 (App. 1983), *vacated in part on other grounds*, 138 Ariz. 596, 676 P.2d 628 (1984). There, in the context of a claim for statutory damages under the Uniform Commercial Code, we found a provision allowing a minimum

14

recovery even when the debtor "'has not suffered a penny's loss,'" was a penalty and that the trial court had thus erred in applying the limitation period of § 12-541(5) to the claim. *Id., quoting* J. White & R. Summers, *Handbook of the Law Under the Uniform Commercial Code* § 26-14 (2d ed. 1980). But the relevant statute here, § 23-355, does not provide for recovery in the absence of actual damages—rather, it provides for the possibility of treble damages once actual damages have been proven. *See Apache East, Inc. v. Wiegand*, 119 Ariz. 308, 312-13, 580 P.2d 769, 773-74 (App. 1978) (award of treble damages for unpaid wages pursuant to § 23-355 discretionary with the trial court). Thus, a claim for unpaid wages is readily distinguishable from the statutory cause of action addressed in *Gulf Homes*. *See* 139 Ariz. at 6, 676 P.2d at 640.

¶25 We nonetheless find the reasoning in that case instructive. In determining the applicability of § 12-541(5) to a statutory liability, it defined a "penalty clause" as "'any provision in a contract or law which calls for the exaction of a penalty *instead* of actual damages.'" *Gulf Homes*, 139 Ariz. at 6, 676 P.2d at 640, *quoting Black's Law Dictionary* (5th ed.) (emphasis added); *see also Black's Law Dictionary* 1154 (7th ed. 1999) (defining "statutory penalty" as one "imposed for a statutory violation; esp., a penalty imposing automatic liability on a wrongdoer for violation of a statute's terms without reference to any actual damages suffered"). Such language suggests that we may consider a statutory cause of action as containing a penalty provision for purposes of § 12-541(5) only when it provides for the possibility of recovery in the absence of actual damages. And, albeit without

15

discussion, Arizona courts have applied § 12-541(5) to statutory causes of action that are purely penal. *See Sparks*, 132 Ariz. at 541, 647 P.2d at 1139 (finding argument waived but agreeing that § 12-541(5) would bar untimely action under insurance code for unfair practices when civil penalties could be imposed against insurer for violation); *Alaface v. Nat'l Inv. Co.*, 181 Ariz. 586, 591, 892 P.2d 1375, 1380 (App. 1994) (concluding without discussion that statutory consumer fraud claim is "liability created by statute" under § 12-541(5), despite provision of penalties for violation of act in A.R.S. § 44-1531); *Murry v. W. Am. Mortgage Co.*, 124 Ariz. 387, 390, 604 P.2d 651, 654 (App. 1979) (same).

¶26    Applying that analysis here, an award of treble damages under § 23-355 is discretionary with the trial court; therefore, the court could find an employer had violated the statute but award only the plaintiff's actual damages—the amount of unpaid wages. *See Apache East*, 119 Ariz. at 312-13, 580 P.2d at 773-74. The statute, therefore, is not purely penal, but partially remedial. *See Palmer v. A.H. Robins Co.*, 684 P.2d 187, 214 (Colo. 1984) (pure penal statute "requires no proof of actual damages as a condition precedent to recovery"); *see also Four B Corp. v. Daicel Chem. Indus., Ltd.*, 253 F. Supp. 2d 1147, 1154-55 (D. Kan. 2003) (statute not automatically penal even when plaintiff entitled to more than actual damages); *Menefee v. Ostawari*, 278 Cal. Rptr. 805, 807 (Cal. Ct. App. 1991) (only if treble damages mandatory and court lacks discretion to award actual damages

16

alone does statute provide a penalty); *Kinzua Lumber Co. v. Daggett*, 281 P.2d 221, 229 (Or. 1955) (defining and contrasting "remedial" and "penal" statutes).[8]

¶27　　　For the above reasons, we conclude that an award of treble damages under § 23-355, when considered in light of all its purposes, is not a penalty so as to qualify the claim for exclusion from the limitation set forth in § 12-541(5). Assuming, without deciding, that the trial court erroneously applied the limitation period of § 12-541(3) instead of § 12-541(5) to Redhair's unpaid-wages claim, that claim would also be barred by the identical, one-year limitation for filing set forth in § 12-541(5). We therefore affirm the trial court's dismissal of Redhair's claim for unpaid wages. *Dube v. Likins*, 216 Ariz. 406, n.3, 167 P.3d 93, 104 n.3 (App. 2007) (we can affirm trial court's granting of motion to dismiss if "correct for any reason").

¶28　　　The firm requests its attorney fees on appeal pursuant to § 12-341.01(A), as the successful party in an action "arising out of a contract." In our discretion, we award the

---

[8]Because an otherwise-remedial statutory cause of action cannot be characterized as a "penalty" action merely because it may entitle the litigant to penalty-based damages in addition to actual damages, Redhair's citation to *Apache East, Inc. v. Wiegand*, 119 Ariz. 308, 580 P.2d 769 (App. 1978), does not affect our characterization of the fundamental nature of his unpaid-wages claim. Although *Apache East* referred to § 23-355 as a "penalty statute," it did so in discussing the relevant legal standards for invoking the lone penalty feature of the statute. *Apache East*, 119 Ariz. at 312, 580 P.2d at 773. Thus, in context, it merely acknowledges a point we do not dispute in our analysis—that the treble-damages component of Redhair's unpaid-wage claim, when it is invoked by a discretionary finding of bad faith by the employer, can be characterized as a penalty.

17

firm its fees upon its compliance with Rule 21, Ariz. R. Civ. App. P. *See Banner Health v. Med. Sav. Ins. Co.*, 216 Ariz. 146, ¶ 27, 163 P.3d 1096, 1103 (App. 2007).

**¶29**        The judgment is affirmed.


                                         _____
                                         PETER J. ECKERSTROM, Presiding Judge

CONCURRING:


_____
PHILIP G. ESPINOSA, Judge


_____
GARYE L. VÁSQUEZ, Judge